[Cite as *State v. Ferguson*, 2018-Ohio-4446.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27886 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-2476 |
| | : | |
| JOHN FERGUSON III | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of November, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MICHAEL R. PENTECOST, Atty. Reg. No. 0036803, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

**{¶ 1}** After the trial court denied his motion to dismiss, John Ferguson III pled no contest to four counts of nonsupport of dependents, a felony of the fifth degree, and the court sentenced him to community control. Ferguson appeals from his convictions, claiming that the trial court erred in denying his motion to dismiss. He argues that *State v. Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314, 79 N.E.3d 531, precludes his prosecution under an indictment filed after his children were emancipated, even though there was a current support order during the time periods listed in the individual counts of the indictment. For the following reasons, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

**{¶ 2}** In 2003, Ferguson and his wife divorced, and Ferguson's wife was granted custody of their three minor children: V.F. (born 1994), J.F. (born 1995), and M.F. (born 1997). *Ferguson v. Ferguson*, Montgomery C.P. No. 2002 DR 1528. Ferguson was ordered to pay child support of $171 per month per child, plus additional amounts on his child support arrearage, which had accrued during the divorce proceedings. Additional arrearage accrued following the divorce.

**{¶ 3}** V.F. was emancipated on June 8, 2012; J.F. was emancipated on June 8, 2014; and M.F. was emancipated on June 8, 2015.[1] Ferguson's on-going child support obligation for each child was terminated on the date of emancipation. In each emancipation order, the domestic relations court also ordered Ferguson to pay a specific

---

[1] Ferguson's motion to dismiss, filed in the trial court, asserted that the children were emancipated on their 18th birthdays. However, the emancipation dates ordered by the domestic relations court appear to be based on the children's both reaching 18 years of age and no longer continuously attending full-time an accredited high school.

amount per month on the support arrearage. As of June 8, 2015, when M.F. was emancipated, Ferguson had no on-going child support obligation, but he was required by M.F.'s emancipation order to pay $563 per month on his child support arrearage.

**{¶ 4}** On August 30, 2017, Ferguson was indicted on four counts of nonsupport of dependents, in violation of R.C. 2919.21(B). The indictment alleged that Ferguson had failed to support M.F. between July 1, 2011 and June 30, 2013 (Count 1) and between July 1, 2013 and June 8, 2015 (Count 4), J.F. between July 1, 2011 and June 30, 2013 (Count 2), and V.F. between July 1, 2011 and June 8, 2012 (Count 3).

**{¶ 5}** Ferguson moved to dismiss the indictment, raising two arguments. First, citing *Pittman*, Ferguson claimed that he was no longer subject to a support order and that his criminal liability for nonpayment of support ended when his children were emancipated. Second, Ferguson claimed that three of the four counts were barred by the six-year statute of limitations. He argued that "for any charges for nonsupport to be timely they would have to apply to time periods no earlier than August 31, 2011."

**{¶ 6}** After an oral hearing on the motion, the trial court denied the motion to dismiss. The court concluded that all of the charges were within the statute of limitations. It explained that felony nonsupport of dependents constitutes a continuing course of conduct, for which the statute of limitations does not begin to run until "such course of conduct or the accused's accountability for it terminates, whichever occurs first." R.C. 2901.13(D). The court found that the statute of limitations for each count began on the last date alleged (i.e., June 30, 2013 for Counts 1 and 2, June 8, 2012 for Count 3, and June 8, 2015 for Count 4), all of which were within the six-year statute of limitations.

**{¶ 7}** The trial court further held that *Pittman* did not preclude the prosecution.

The court noted that *Pittman* held that "a person is not subject to prosecution under R.C. 2919.21(B) for the nonpayment of a court's order to pay a child-support arrearage when the person has no current obligation of support because the child who is the subject of the order is emancipated." *Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314, 79 N.E.3d 531, at ¶ 1. The trial court distinguished *Pittman*, stating: "The most important difference between Defendant's case from the case i[n] *Pittman* is the fact that the indicted time periods are before the arrearage order was in place and are within the statute of limitations. In *Pittman*, the indicted time periods were after the arrearage order was in place, thereby only enforcing the arrearage order." The trial court further noted that the trial court does not lose jurisdiction in nonsupport matters merely because the child becomes emancipated.

{¶ 8} After the trial court denied his motion to dismiss, Ferguson pled no contest to all counts of felony nonsupport of dependents. On January 11, 2018, the trial court imposed community control sanctions. One of the conditions of community control was that Ferguson pay restitution of $11,523.16 to Ohio Child Support Payment Central.

## II. Applicability of *Pittman*

{¶ 9} In his sole assignment of error, Ferguson claims that the trial court erred in denying his motion to dismiss.

{¶ 10} "[A] motion to dismiss 'tests the sufficiency of the indictment [or complaint], without regard to the quantity or quality of evidence that may be produced by either the state or the defendant.' " *State v. Fields*, 2017-Ohio-400, 84 N.E.3d 193, ¶ 18 (2d Dist.), quoting *State v. Patterson*, 63 Ohio App.3d 91, 95, 577 N.E.2d 1165 (2d Dist.1989). We review de novo a trial court's decision on a motion to dismiss. *Fields* at ¶ 19.

{¶ 11} Ferguson was indicted on four counts of violating R.C. 2919.21(B), which prohibits a person from "fail[ing] to provide support as established by a court order to[ ] another person whom, by court order or decree, the person is legally obligated to support." Ferguson argues that, according to *Pittman*, his criminal liability for non-payment ceased when his children were emancipated. Ferguson emphasizes that, *at the time of the indictment*, he was not under a current obligation to pay child support. Instead, he was subject to an order to pay arrearages due to his children's emancipation. Ferguson asserts that *Pittman* precludes prosecution after emancipation, even though the charges were based on time periods prior to emancipation when he was subject to a child support order.

{¶ 12} In *Pittman*, the defendant was ordered to pay child support until his children were emancipated. The children were emancipated on August 31, 2006, and the defendant's support obligation terminated. The court reduced his support arrearage to a judgment, and the defendant was ordered to continue paying toward the arrearage. Three years later, the defendant was indicted under R.C. 2919.21(B) for failing to provide support after his children had been emancipated (between July 1, 2007, and June 30, 2009). The defendant argued that he could not have violated R.C. 2919.21(B) then, because he had no duty to provide support, as his children had been emancipated.

{¶ 13} The Ohio Supreme Court agreed with Pittman. It concluded that, because the statute used the present tense in the phrase "is legally obligated to support," a person charged with a violation "must be under a current obligation to provide support." *Id.* at ¶ 18. The court noted that Pittman was not under a court order to support his children between 2007 and 2009, and the "2006 orders were not for support but instead granted

judgments against Pittman for the arrearage amounts." *Id.* at ¶ 19. The court stated that "Pittman's criminal liability for nonpayment of support ended on August 31, 2006, when his children were emancipated." *Id.* The supreme court held that "a person is not subject to prosecution under R.C. 2919.21(B) for the nonpayment of a court's order to pay a child-support arrearage when the person has no current obligation of support because the child who is the subject of the order is emancipated." *Pittman* at ¶ 1.

{¶ 14} Justice Lanzinger concurred in the judgment, but wrote separately to express that "prosecution under R.C. 2919.21 for the nonpayment of child support after a child reaches 18 years old is not prohibited in every case." *Pittman* at ¶ 24 (Lanzinger, concurring in judgment only). She stated that, "[o]n this point, I respectfully disagree with the court's analysis." *Id.* In her concurring opinion, joined by two other justices, she agreed that the language of R.C. 2919.21(B) "limits prosecutions based on child-support orders to those with current obligations rather than arrearages." *Id.* at ¶ 26. She disagreed, however, with the majority's broad statement that Pittman's criminal liability for nonpayment of support had ended on August 31, 2006, when his children were emancipated. *Id.* at ¶ 26. Justice Lanzinger pointed out that the defendant might have been criminally liable under R.C. 2929.21(A). *Id.* at ¶ 27.

{¶ 15} Despite the broad language of the *Pittman* holding, we find it appropriate to read the Supreme Court's holding in light of the factual circumstances before it. Significantly, the *Pittman* defendant was charged with failing to provide support *after* emancipation; Ferguson was charged with failing to provide support *before* emancipation. The difference in when the alleged criminal conduct occurred is critical. As *Pittman* points out, R.C. 2919.21(B) uses the present-tense phrase "is legally obligated to

support." In other words, the prohibited conduct ("fail[ing] to provide support") must coincide with a current obligation to provide support. The *Pittman* defendant could not be prosecuted for nonsupport under R.C. 2919.21(B) for failing to provide support after emancipation (i.e., the time period alleged in the indictment), because his obligation to provide support had terminated. In contrast, Ferguson was charged with nonsupport for failing to provide support for a period of time before his children were emancipated. Thus, his alleged failure to provide support coincides with his obligation to provide support, and we conclude that *Pittman* does not preclude Ferguson's prosecution.

{¶ 16} We recognize that the Eleventh District recently addressed the same issue under factual circumstances similar to those here and came to a different conclusion. *State v. Hubbard*, 2018-Ohio-3627, __ N.E.3d __ (11th Dist.). The majority in *Hubbard* agreed with Ferguson's argument, concluding that *Pittman* applies "to *all* cases involving nonpayment of child support." (Emphasis sic.) *Hubbard* at ¶ 14. The majority read *Pittman* as saying that "a defendant cannot be charged with criminal nonsupport following the emancipation of his children." *Id.* at ¶ 16.

{¶ 17} The *Hubbard* court found support in Justice Lanzinger's concurring opinion for its conclusion that *Pittman* does not apply solely to "arrearage-only" cases. The court expressed that the concurring opinion's disagreement with *Pittman*'s conclusion that the defendant's criminal liability for support ended with emancipation shows that the concurring justices believed that the *Pittman* decision was "intended to apply to *all* cases involving nonpayment of child support." (Emphasis sic.) *Hubbard* at ¶ 14. The *Hubbard* court stated, "If the *Pittman* majority had intended for its holding to apply solely to arrearage-only orders, it would have been entirely unnecessary and superfluous for the

concurring justices to write a separate opinion disagreeing with the majority's analysis and asserting that the court's holding should not apply 'in every case.' " *Id.* at ¶ 15.

{¶ 18} While we recognize that *Pittman* could be read to preclude any prosecution under R.C. 2919.21(B) following emancipation, we disagree that such a reading is required. We note that the dissent in *Hubbard* agreed with our analysis, concluding that *Pittman* did not apply, because unlike *Pittman*, the charges were not based on an arrearage order but on a support order that existed during the time periods alleged in the indictment. *Hubbard* at ¶ 28 (O'Toole, J., dissenting). Moreover, we find it illogical to read *Pittman* to require all indictments under R.C. 2919.21(B) to be filed prior to emancipation; such a reading might allow a parent to avoid a felony prosecution by ceasing support for 26 weeks during the last two years preceding emancipation. *See* R.C. 2919.21(G)(1) (nonsupport for 26 out of 104 weeks consecutive constitutes a fifth-degree felony).

{¶ 19} In summary, the trial court did not err in denying Ferguson's motion to dismiss. *Pittman* does not preclude prosecution when there was a current support order during the time periods listed in the individual counts of the indictment, even though the indictment was filed after defendant's children were emancipated.[2] Ferguson's assignment of error is overruled.

### III. Conclusion

{¶ 20} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

---

[2] We note that an amendment to R.C. 2919.21(B), effective February 11, 2019, makes clear that a person may be prosecuted for nonsupport of dependents even after an order for support terminates. *See* 2018 Am.Sub.S.B. No. 70.

DONOVAN, J. and HALL, J., concur.


Copies sent to:

Mathias H. Heck
Andrew T. French
Michael R. Pentecost
Hon. Dennis J. Adkins