[Cite as *State v. Brown*, 2019-Ohio-1666.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2018-CA-29 |
| | : | |
| v. | : | Trial Court Case No. 2018-CRB-129 |
| | : | |
| CHALMER L. BROWN | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of May, 2019.

. . . . . . . . . . .

CHRISTOPHER A. MURRAY, Atty. Reg. No. 0059357, Assistant Prosecuting Attorney, City of Xenia, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellant

ADAM J. STOUT, Atty. Reg. No. 0080334, 5335 Far Hills Avenue, Suite 109, Dayton, Ohio 45429
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant, Chalmer L. Brown, was charged with two first-degree-misdemeanor counts of failure to pay court-ordered child support for his child, K.M., in violation of R.C. 2919.21(B). K.M., though emancipated when the criminal complaint was filed, was not emancipated during the time period covered by each count. The trial court sustained Brown's motion to dismiss, based upon *State v. Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314, 79 N.E.3d 531. After the trial court's dismissal, this court decided *State v. Ferguson*, 2018-Ohio-4446, __ N.E. 3d __ (2d Dist.), and *State v. Miles*, 2018-Ohio-4444, __ N.E.3d __ (2d Dist.), wherein we held that *State v. Pittman* does not control when, as here, the child was emancipated when the charges were initiated, but the timeframe of the alleged non-support set forth in the charging document was before the child's emancipation. Accordingly, the trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

{¶ 2} By way of a Crim.R. 3 complaint, Brown was charged with two counts of failure to "provide support as established by a court order to another person whom, by court order or decree [Brown was] legally obligated to support * * * in violation of [R.C.] 2919.21(B)." In response, Brown filed a motion to dismiss. The parties entered into the following factual stipulations:

On November 9, 2000, the Greene County Child Support Enforcement Agency administratively established Chalmer L. Brown as the father of K.M. based upon the results of genetic testing.

On August 27, 2001, under Greene County Juvenile Court Case No[.] 33415, the Court ordered Chalmer L. Brown to pay child support of

$87.00 per month, plus 2% processing charge * * *.

On December 17, 2017, the Greene County Child Support Enforcement Agency emancipated K.M. as of September 13, 2017. As a result, Chalmer L. Brown was ordered to pay $117.00 per month, plus 2% processing charge, toward arrearages.

On January 29, 2018, the State of Ohio charged Chalmer L. Brown with two counts of Non-Support of Dependents under R.C. 2919.21(B), each misdemeanors of the first degree. Count I covers the time period of July 1, 2016 thru (sic) December 31, 2016. Count II covers the time period of January 1, 2017 through September 13, 2017.

The trial court sustained Brown's motion. The State appeals.

**Motion to Dismiss Standard**

{¶ 3} A Crim.R. 12(C) motion to dismiss is a mechanism to test the legal sufficiency of the complaint or indictment. If the allegations set forth in the charging document constitute the criminal offense charged, the motion to dismiss must be overruled. *State v. Patterson*, 63 Ohio App.3d 91, 95, 577 N.E.2d 1165 (2d Dist.1989). We review a trial court's motion to dismiss decision de novo. *State v. Cassel*, 2016-Ohio-3479, 66 N.E.3d 318, ¶ 19 (2d Dist.).

**Analysis**

{¶ 4} This case turns on the applicability of *Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314, 79 N.E.3d 531, to the facts of this case. Pittman's children were

emancipated in August 2006 with the emancipation resulting in, quite naturally, the termination of Pittman's child support obligation. Pittman had a child support arrearage which was reduced to a judgment, and Pittman was ordered to pay a monthly amount toward the arrearage until it was eliminated. Three years later, after Pittman failed to pay the arrearage as ordered, he was indicted for a felony violation of R.C. 2919.21(B).

{¶ 5} Pittman asserted that, since the children were emancipated, his failure to pay the arrearage, though court-ordered, could not constitute a violation of R.C. 2919.21(B). The Supreme Court agreed stating that "because [R.C. 2919.21(B)] uses the present tense in the phrase 'is legally obligated to support,' a person charged with a violation must be under a current obligation to provide support." *Pittman* at ¶ 18. The court, therefore, ruled that Pittman, based upon the children's emancipation, "had no current legal obligation to support his * * * children[,]" and, as such, he "was not subject to prosecution under R.C. 2919.21(B) for his failure to make payments on the child support arrearage * * *." *Id.* at ¶ 23. The *Pittman* opinion, using very broad language, does state that "Pittman's criminal liability for nonpayment of support ended * * * when the children were emancipated." *Id.* at ¶ 19. This statement, however, is not the holding of the case; the holding, as noted, is confined to the conclusion that a person, after his children are emancipated, has no current child support obligation, and therefore prosecution for a failure to pay a court-ordered arrearage is statutorily prohibited.

{¶ 6} Justice Lanzinger concurred in judgment only in *Pittman*, and she wrote a concurring opinion joined by two other justices. The concurring opinion states that she "can accept that [R.C 2919.21(B)] limits prosecutions based on child support orders to those with current obligations rather than arrearages. But I disagree with the statement

that 'Pittman's criminal liability for nonpayment of support * * * ended when his children were emancipated.' " *Pittman* ¶ 26 (Lanzinger, J., concurring), quoting the majority opinion at ¶ 19.

**{¶ 7}** As noted, we recently decided two cases regarding the applicability of *Pittman*, *State v. Ferguson,* 2018-Ohio-4446, __ N.E. 3d __, and *State v. Miles*, 2018-Ohio-4444, __ N.E.3d __.   The charging document in each case (an indictment) was filed after the defendant's child support obligation had terminated due to emancipation.   But, in each case, the nonsupport timeframe set forth in the indictment was before emancipation, and, thus, covered a period when the defendant had been obligated to pay court-ordered child support.   We concluded that these facts allowed *Pittman* to be distinguished.   In *Miles*, we summarized our conclusion as follows:

> All of the key facts in *Pittman* match those in the case before us, except one.   The *Pittman* defendant was charged with failing to provide support for a period of time *after* emancipation; Miles was charged with failing to provide support for periods of time *before* emancipation.   The difference in when the alleged criminal conduct occurred is critical.   As *Pittman* points out, R.C. 2919.21(B) uses the present-tense phrase "is legally obligated to support," which means that the prohibited conduct ("fail[ing] to provide support") must coincide with a current obligation to provide support.   Because the *Pittman* defendant's obligation to provide support had terminated, he could not be prosecuted for nonsupport under R.C. 2919.21(B) for failing to provide support after emancipation.   But Miles was charged with nonsupport for failing to provide support before his child

was emancipated, so he may be prosecuted. Miles's alleged failure to provide support coincided with his obligation to provide support. Therefore, we conclude that *Pittman* does not preclude Miles's prosecution. (Emphasis sic.) *Miles* at ¶ 12. *See also Ferguson* at ¶ 15.

{¶ 8} We also recognized in each of our opinions that the Eleventh District, in *State v. Hubbard*, 2018-Ohio-3627, __ N.E.3d __ (11th Dist.), has reached a contrary conclusion. Hubbard was indicted under R.C. 2919.21(A)(2) and (B), but, otherwise, the essential facts of the case are the same as in *Ferguson*, *Miles*, and the pending case. The *Hubbard* majority concluded that a fair, accurate reading of *Pittman* requires the "conclusion that a defendant cannot be charged with criminal nonsupport following the emancipation of his children * * *." *Hubbard* at ¶ 16.

{¶ 9} In *Miles*, we stated the following in response to the holding in *Hubbard*:

While we recognize that *Pittman* could be read to preclude any prosecution under R.C. 2919.21(B) following emancipation, we do not think that reading is required or desired. We note that the dissenting judge in *Hubbard* agreed with our analysis, concluding that *Pittman* did not apply in that case, because unlike *Pittman*, the charges were not based on an arrearage order but on a support order in effect during the time periods alleged in the indictment.

*Miles* at ¶ 15, citing *Hubbard* at ¶ 28 (O'Toole, J., dissenting).

{¶ 10} We continue to adhere to our conclusion, as expressed in *Ferguson* and *Miles*, that *State v. Pittman* "does not preclude prosecution [under R.C. 2919.21(B)] when a current support order existed during the time periods listed in the individual counts of

the indictment [or complaint], even though [the charging document] was filed after the dependents were emancipated and the defendant's support obligation was terminated." *Miles* at ¶ 16; *Ferguson* at ¶ 19.

{¶ 11} The trial court's judgment is reversed, and the matter is remanded for further proceedings.

{¶ 12} However, because we recognize that our judgment in this case is in conflict with the Eleventh District's judgment in *Hubbard*, 2018-Ohio-3627, __ N.E.3d __, we sua sponte certify a conflict to the Supreme Court of Ohio pursuant to Article IV, Section 3(B)(4), Ohio Constitution.   The certified question is:

> May a child support obligor be prosecuted for failure to pay child support under R.C. 2919.21(B) where a child support order was in place for the time period specified in the charging document, but the charging document was filed after the child for whom support was owed had been emancipated and the child support obligation had terminated?

{¶ 13} We note that our sua sponte decision to certify a conflict does not relieve the parties of the obligation to follow all Supreme Court procedural rules governing the filing of an appeal of right.   We also direct the parties to S.Ct.Prac.R. 8.01, which requires "an interested party to the proceeding" to file a notice of the certified conflict in the Supreme Court.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies sent to:

Christopher A. Murray
Adam J. Stout
Hon. Michael K. Murry