[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Pittman,* Slip Opinion No. 2016-Ohio-8314.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8314

THE STATE OF OHIO, APPELLANT, *v*. PITTMAN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Pittman,* Slip Opinion No. 2016-Ohio-8314.]

*Criminal law—R.C. 2919.21(B)—Failure to provide support pursuant to a court's order—No current obligation of support—A person is not subject to prosecution under statute for the nonpayment of a court's order to pay a child-support arrearage when the person does not have a current obligation of support because the child has been emancipated.*

(No. 2015-0077—Submitted October 28, 2015—Decided December 23, 2016.)

CERTIFIED by the Court of Appeals for Marion County, No. 9-13-65, 2014-Ohio-5001.

_____

PFEIFER, J.

{¶ 1} In this case, we hold that a person is not subject to prosecution under R.C. 2919.21(B) for the nonpayment of a court's order to pay a child-support

arrearage when the person has no current obligation of support because the child who is the subject of the order is emancipated.

**Factual and Procedural Background**

**{¶ 2}** In December 1988, the Marion County Common Pleas Court, Juvenile Division, ordered appellee, Robert Pittman, to pay child support for his two children, Sade and Sate Douglas, from January 6, 1989, until the children attained the age of 18 years and completed their high school education or were otherwise emancipated.

**{¶ 3}** On November 20, 2006, the Marion County Common Pleas Court, Family Division, issued two judgment entries, one relating to Sade and the other relating to Sate, stating that the children were emancipated as of August 31, 2006, because they had turned 18 years old and were no longer in high school. One entry declared that Pittman owed $34,313.45 in child support arrearages for Sade— $33,730.14 to Alma Douglas, the children's mother, and $583.31 to the Job & Family Services of Marion County Child Support Division for ODJFS—and granted each a judgment against Pittman in those respective amounts. The entry stated that "all current child support shall cease effective 8/31/06," but it ordered Pittman to pay $236.17 plus a two-percent processing fee per month toward the arrearages owed. The judgment entry relating to Sate was substantially the same.

**{¶ 4}** On December 6, 2007, the family court found Pittman in contempt for failing to pay his arrearages and sentenced him to 30 days in jail with 25 days suspended. Approximately 18 months later, the court denied a motion to impose the prior sentence.

**{¶ 5}** Next came the criminal charges that are the focus of this case. The state charged Pittman with nonsupport of his dependents in the Marion County Court of Common Pleas. On July 9, 2009, an indictment was handed down against Pittman containing nine counts related to his failure to pay the child support previously ordered. Each count in the indictment addressed a specified two-year

period—July 1, 2003, through June 30, 2005 (Counts 1, 2, 7, 8, and 9), July 1, 2005, through June 30, 2007 (Counts 3 and 4), and July 1, 2007, through June 30, 2009 (Counts 5 and 6)—and alleged that during those periods, Pittman "did recklessly abandon or fail to provide support as established by a court order to, another person whom, by court order to decree, the Defendant is legally obligated to support," pursuant to R.C. 2919.21(B).

{¶ 6} Counts 1 through 6 alleged fourth-degree felonies under R.C. 2919.21 because Pittman had been convicted of or pleaded guilty to a previous felony violation of nonsupport under R.C. 2919.21 on April 3, 2003. Counts 7 through 9 alleged fifth-degree felonies because Pittman had failed to provide support for more than 26 of 104 consecutive weeks. Thus, Pittman was indicted for six fourth-degree felonies and three fifth-degree felonies.

{¶ 7} The 2009 indictment was not served on Pittman until he voluntarily appeared before the court on June 11, 2013. On July 29, 2013, Pittman filed a motion to dismiss the indictment on the grounds that the state had violated his constitutional rights to due process of law and a speedy trial in delaying nearly four years before serving the indictment. At an August 20 hearing, the motion to dismiss was orally amended to also seek dismissal because the six-year statute of limitations for felonies set forth in R.C. 2901.13(A)(1) had run. The trial court held that the prosecution did not commence until July 11, 2013, and that "due diligence was not exercised in issuing and executing process on the indictment." Thus, the court held that Counts 1, 2, 7, 8, and 9 were barred by the statute of limitations because they alleged criminal conduct that occurred between 2003 and 2005, more than six years before Pittman was served with the indictment. Counts 3 and 4 alleged criminal conduct that occurred between July 1, 2005, and June 30, 2007, and the court held that any "criminal conduct which occurred prior to June 11, 2007," i.e., six years prior to the service of the indictment, also fell outside the statute of limitations.

{¶ 8} Further, the court held that the nearly four-year delay in serving the indictment violated Pittman's speedy-trial rights as to all counts but Counts 5 and 6. Counts 5 and 6 alleged that Pittman had engaged in illegal activity between July 1, 2007, and June 30, 2009. The court distinguished Counts 5 and 6 from the older counts because the delay was not as long, some civil enforcement action occurred in December 2007, and the likelihood of prejudice was less with respect to the more recent allegations.

{¶ 9} On September 24, 2013, Pittman moved to dismiss those remaining counts. He argued that because his daughters were emancipated as of August 31, 2006, he had no duty to provide support to them after that date. Thus, he was not legally obligated to pay support from July 1, 2007, through June 30, 2009, as alleged in Counts 5 and 6.

{¶ 10} On October 16, 2013, the state filed a bill of particulars clarifying the nature of the offenses in Counts 5 and 6. The state indicated that the charges were based on Pittman's failure to provide support pursuant to the November 20, 2006 orders, which determined that the children were emancipated and calculated the amount of Pittman's arrearage. The state also indicated that Count 5 alleged that Pittman had failed to provide support as established by a court order to Alma Douglas for Sate Douglas and Count 6 alleged that he failed to provide support as established by a court order to Alma Douglas for Sade Douglas. Finally, the state alleged that Pittman failed to provide support for 101 weeks of the 104 consecutive weeks between July 1, 2007, and June 30, 2009.

{¶ 11} The parties stipulated to the relevant facts and in a November 5, 2013 hearing, submitted to the court the question of whether R.C. 2919.21(B) criminalizes the failure to pay an arrearage-only order.

{¶ 12} On November 14, 2013, the trial court granted Pittman's motion to dismiss.

> With regard to R.C. 2919.21(B), some meaning must be given to the phrase "to another person whom * * * the person *is* legally obligated to support." The State's interpretation would restrict the statute to the initial phrase, which provides: "No person shall abandon, or fail to support as established by a court order." The additional meaning provided by the phrase, "to another person whom, by court order or decree, the person is legally obligated to support" is that at the time of the commission of the criminal offense there must be a current obligation of support.

(Emphasis sic.)

{¶ 13} The state appealed. The Third District Court of Appeals affirmed the judgment of the trial court, holding that R.C. 2919.21 is unambiguous. The court noted that the statute uses the present tense and concluded that "[s]ince Pittman's daughters are emancipated, he was under no current legal obligation to support his children at the time the State filed its indictment." 2014-Ohio-5001, 21 N.E.3d 1118, ¶ 19 (3rd Dist.).

{¶ 14} The Third District found unpersuasive a decision of the Fifth District Court of Appeals in *State v. Dissinger,* 5th Dist. Delaware No. 02CA–A–02–010, 2002-Ohio-5301 (5th Dist.), holding that an arrearage-only order "can be the basis of a prosecution under R.C. 2919.21." *Id.* at ¶ 12.

{¶ 15} Upon the state's motion, the appellate court certified that its decision was in conflict with *Dissinger*. This court determined that a conflict exists and ordered briefing on this issue as stated by the court of appeals: "Is a person subject to prosecution under R.C. 2919.21(B) for the nonpayment of an arrearage-only child support order when he or she has no current legal obligation to support the emancipated child?" *See* 141 Ohio St.3d 1487, 2015-Ohio-842, 26 N.E.3d 823.

## LAW AND ANALYSIS

{¶ 16} We address whether, pursuant to R.C. 2919.21(B), the state may prosecute a person who failed to make the payments set forth in an arrearage-only order issued after the date of his children's emancipation. R.C. 2919.21(B) reads, "No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."

{¶ 17} "Our first duty in statutory interpretation is to determine whether the statute is clear and unambiguous." *Estate of Heintzelman v. Air Experts, Inc.,* 126 Ohio St.3d 138, 2010-Ohio-3264, 931 N.E.2d 548, ¶ 15. We examine the words used by the General Assembly in the statute, "and when the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written." *State v. Kreischer,* 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, syllabus. Words and phrases in the statute must be read in context and accorded their common usage. R.C. 1.42.

{¶ 18} R.C. 2919.21(B) is unambiguous. It criminalizes a person's failure to support—in the manner established by a court order—another person whom he is legally obligated to support. Because the statute uses the present tense in the phrase "is legally obligated to support," a person charged with a violation must be under a current obligation to provide support.

{¶ 19} In 1988, Pittman was ordered to pay child support for Sade and Sate until their emancipation. But Pittman's criminal liability for nonpayment of support ended on August 31, 2006, when his children were emancipated. Counts 5 and 6 of the indictment alleged that Pittman violated R.C. 2919.21(B) between July 1, 2007, and June 30, 2009, but Pittman was not under a court order to support his children during that time. The 2006 orders were not for support but instead granted judgments against Pittman for the arrearage amounts.

**{¶ 20}** The state had ample opportunity to pursue criminal charges against Pittman. Because the alleged violations of R.C. 2919.21(B) for his failure to meet his obligations under the 1988 orders were felonies, the applicable statute of limitations was six years. But the state cannot, in effect, extend the statute of limitations indefinitely by memorializing in an arrearage order the previous failure to provide support and then seeking criminal charges on the arrearage order. The state is left to its civil options.

**{¶ 21}** The decision of the court below was in conflict with the Fifth District's decision in *Dissinger*. We address that decision briefly. In that case, the court based its decision on the definition of "child support order" in former R.C. 3115.01(B), S.B. No. 180, 148 Ohio Laws, Part IV, 9782, and Part V, 10035. That definition includes arrearages:

> (B) "Child support order" means an order for the support of a child that provides for monetary support, whether current or in arrears * * *. "Child support order" includes:
>
> (1) An order under which the child has attained the age of majority under the law of the issuing state and amounts for current support are required to be paid, or arrearages are owed, under the order.

In *Dissinger*, the court concluded that "[b]ased upon the legislature's definition of 'child support order' under R.C. 3115.01(B), * * * a support order includes an 'arrearage only' order. Therefore, an [']arrearage only' order can be the basis of a prosecution under R.C. 2919.21." *Dissinger*, 2002-Ohio-5301, at ¶ 12. However, the definitions found in former R.C. 3115.01(B) were limited to the use of the defined words in former R.C. 3115.01 through 3115.59, the Uniform Interstate

Family Support Act. The definition of "child support order," by the terms of the defining statute, was not applicable to R.C. 2919.21(B).

## CONCLUSION

{¶ 22} In this certified-conflict case, we ordered briefing on the following question: "Is a person subject to prosecution under R.C. 2919.21(B) for the nonpayment of an arrearage-only child support order when he or she has no current legal obligation to support the emancipated child?" We answer that question in the negative.

{¶ 23} We hold that Pittman was not subject to prosecution under R.C. 2919.21(B) for his failure to make payments on the child-support arrearage established in the 2006 order when he had no current legal obligation to support his emancipated children. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'DONNELL, KENNEDY, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in judgment only, with an opinion joined by O'CONNOR, C.J., and FRENCH, J.

_____

**LANZINGER, J., concurring in judgment only.**

{¶ 24} While I concur in the judgment in this case, I write separately to note that prosecution under R.C. 2919.21 for the nonpayment of child support after a child reaches 18 years old is not prohibited in every case. On this point, I respectfully disagree with the court's analysis. Nevertheless, I agree with the majority that criminal prosecution in this case fails because the state did not exercise due diligence in issuing and executing process on the indictment against Pittman.

{¶ 25} It is undisputed that Pittman was legally obligated to pay child support for his two daughters, who were born August 31, 1988, until they turned

18 years old in 2006. And there is no argument that over $68,000 is still owed to Alma Douglas, the children's mother, for child-support arrearages.

{¶ 26} R.C. 2919.21(B), the section Pittman was charged with violating, states, "No person shall abandon, or fail to provide support as established by a court order *to, another person whom*, by court order or decree, *the person is legally obligated to support*." (Emphasis added.) I can accept that this language limits prosecutions based on child-support orders to those with current obligations rather than arrearages. But I disagree with the statement that "Pittman's criminal liability for nonpayment of support ended on August 31, 2006, when his children were emancipated." Majority opinion at ¶ 19.

{¶ 27} R.C. 2919.21(A)(2) provides, "No person shall abandon, or fail to provide adequate support to * * * [t]he person's child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one." Violation of this section is a first-degree misdemeanor or, depending upon previous similar convictions, a felony of the fifth or fourth degree. R.C. 2919.21(G)(1). The six- year statute of limitations for a felony did not expire in Pittman's situation until August 2012. If the state had properly brought a criminal action within that time under R.C. 2929.21(A), the court order could have been used as evidence of the nonsupport of his daughters, even though they were beyond the age of majority.

{¶ 28} Finally, it should be noted that Alma Douglas has her rights under R.C. Chapter 3123 to a civil remedy. What has been foreclosed here is criminal prosecution.

{¶ 29} For these reasons, I concur only in the court's decision to affirm the judgment of the Third District Court of Appeals.

O'CONNOR, C.J., and FRENCH, J., concur in the foregoing opinion.

_____

Brent W. Yager, Marion County Prosecuting Attorney, and Megan K. Frericks, Assistant Prosecuting Attorney, for appellant.

Rocky Ratliff and Jeff Ratliff, for appellee.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, Hannah C. Wilson, Deputy Solicitor, and Jeffrey Jarosch, Assistant Attorney General, urging reversal for amicus curiae Ohio Attorney General.

_____