[Cite as *State v. Parr*, 2019-Ohio-4011.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                           :

    Plaintiff-Appellee,                           :

                                         No. 17AP-782

v.                                                        :       (C.P.C. No. 16CR-4321)

Robert J. Parr,                                           :       (REGULAR CALENDAR)

    Defendant-Appellant.                        :

D E C I S I O N

Rendered on September 30, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, appellee. **Argued:** *Michael P. Walton*.

**On brief:** *Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellant. **Argued:** *Timothy E. Pierce*.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM

{¶ 1} Defendant-appellant, Robert J. Parr, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to a plea of no contest, of two counts of non-support of dependent, both felonies of the fifth degree. For the reasons that follow, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} On August 10, 2016, the state indicted appellant on two counts of non-support of dependent, each alleging a violation of R.C. 2919.21(A)(2) and/or (B). The first count alleged that appellant failed to support his child, C.P., for a total accumulated period of 26 weeks out of 104 consecutive weeks from October 1, 2010 to October 1, 2012. The

second count alleged that appellant failed to support C.P. for a total accumulated period of 26 weeks out of 104 consecutive weeks from October 2, 2012 to October 2, 2014.

{¶ 3} On June 21, 2017, appellant filed a Crim.R. 12(C)(1) and (2) motion to dismiss the charges. Appellant acknowledged he had been obligated to support C.P. pursuant to a November 16, 2006 child support order. However, appellant asserted that C.P., born October 13, 1995, was emancipated when the state filed the indictment against him in 2016. Appellant claimed that the Supreme Court of Ohio's decision in *State v. Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314 precluded "prosecutions under R.C. 2919.21 when the child who is the subject of the prosecution is emancipated." (Mot. to Dismiss at 2.)

{¶ 4} Appellant filed documents regarding his child support obligation in the trial court. The documents demonstrated that, on October 15, 2014, the Franklin County Child Support Enforcement Agency ("FCCSEA") issued findings and recommendations to terminate appellant's support order for C.P. effective October 13, 2014, due to C.P.'s emancipation. FCCSEA found appellant had a total support arrearage of $12,500.99, and recommended he be ordered to pay $375.81 per month toward the arrearage. Neither appellant, as the child support obligor, nor Constance Suggs, the child support obligee, objected to FCCSEA's findings and recommendations. On July 28, 2015, the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, issued a judgment entry approving and adopting FCCSEA's findings and recommendations.

{¶ 5} The trial court held an oral hearing on appellant's motion to dismiss on August 15, 2017. Defense counsel asserted at the hearing that, according to *Pittman*, "the time of the indictment is the time at which the State must show that the Defendant was under a current legal obligation to provide support." (Aug. 15, 2017 Tr. at 6.) Plaintiff-appellee, State of Ohio, responded that *Pittman* did not apply to the present case, as *Pittman* concerned an arrearage only order. The state noted the charges at issue were filed within the applicable six-year statute of limitations period contained in R.C. 2901.13(A)(1).

{¶ 6} On September 13, 2017, the trial court issued a decision and entry denying appellant's motion to dismiss. The court concluded *Pittman* did not apply to the charges at issue, as the indictment was based on appellant's "violation of the November 16, 2006 support order for his minor child [C.P.] Parr, not his alleged violation of the arrearage-only order issued after emancipation on July 28, 2015." (Decision at 7.)

{¶ 7} Following the court's ruling on the motion to dismiss, appellant pled no contest to the charges in the indictment. The court accepted appellant's plea and found him guilty of both counts of non-support of dependent. The court sentenced appellant to a five-year term of community control.

## II. Assignments of Error

{¶ 8} Appellant appeals and assigns the following two assignments of error for our review:

> [I.] The trial court erred when it refused to dismiss Appellant's nonsupport of dependents charges inasmuch as over a year before he was indicted his support obligation terminated and his daughter, Ms. [C.P.] Parr, had been emancipated. Appellant's conviction and sentence therefore violated his Right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution and the Due Course of Law Provisions of Article I, Sections 1 and 16 of the Ohio Constitution, and Crim.R. 12(C)(1) and 12(C)(2).

> [II.] The trial court committed plain error when it denied Appellant's motion to dismiss the indictment involving two counts of nonsupport of dependents (violations of R.C. 2919.21) in this "arrearage-only" prosecution when there exists a specific statute, to wit, R.C. 2905.031(E), in which the General Assembly designated the exclusive means of charging and punishing a citizen for his failure to remit arrearages when he is no longer under a current legal obligation to support his child. Appellant's conviction and sentence therefore violated the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the Due Course of Law provisions of Article I, Sections 1 and 16 of the Ohio Constitution, Crim.R. 12(C)(1), 12(C)(2), and 52(B).

## III. Analysis

{¶ 9} Appellant's first assignment of error asserts the trial court erred in denying his motion to dismiss the charges based on [C.P.]'s emancipation. Appellant alleges that in *Pittman* the Supreme Court "rendered unlawful the government's practice of indicting citizens for R.C. 2919.21 violations after the child turns 18 (or following emancipation) and there exists no current obligation of support." (Appellant's Brief at 20.)

{¶ 10} Crim.R. 12(C) empowers trial courts to rule on "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general

issue." Prior to trial, a party must raise any "[d]efenses and objections based on defects in the institution of the prosecution," as well as any "[d]efenses and objections based on defects in the indictment, information, or complaint." Crim.R. 12(C)(1) and (2).

{¶ 11} "In conducting this pretrial review, courts may look to 'evidence beyond the face of the indictment.' " *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, ¶ 22, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, ¶ 18. "However, a Crim.R. 12 ruling may not decide 'what would be the general issue at trial.' " *Id.* Thus, a motion to dismiss an indictment tests the legal sufficiency of the indictment without regard to the quantity or quality of evidence that may be produced by either the state or the defendant. *State v. Thornsburry*, 4th Dist. No. 12CA9, 2013-Ohio-1914, ¶ 6. "We review a trial court's legal conclusions in ruling on a pretrial motion to dismiss criminal charges de novo." *State v. Wilson*, 10th Dist. No. 13AP-205, 2013-Ohio-4799, ¶ 4, citing *State v. Saxon*, 9th Dist. No. 09CA009560, 2009-Ohio-6905, ¶ 5.

{¶ 12} At the time appellant was charged, R.C. 2919.21 provided, in pertinent part, as follows:

> (A)  No person shall abandon, or fail to provide adequate support to:
>
> * * *
>
> (2)  The person's child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one;
>
> * * *
>
> (B)  No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support.

{¶ 13} *Pittman* held "that a person is not subject to prosecution under R.C. 2919.21(B) for the nonpayment of a court's order to pay a child-support arrearage when the person has no current obligation of support because the child who is the subject of the order is emancipated." *Pittman* at ¶ 1. Pittman was obligated to support his two children pursuant to a 1988 support order. On November 20, 2006, the family division of the Marion County Common Pleas Court issued orders finding Pittman's children were

emancipated as of August 31, 2006, and establishing Pittman's child support arrearages. The court ordered Pittman to make monthly payments toward the arrearages.

{¶ 14} In 2013, the state served Pittman with an indictment charging him with nine felony counts of non-support of dependents, in violation of R.C. 2919.21(B). The charges pertained to conduct occurring from 2003 to 2009. The trial court dismissed all but two charges due to either statute of limitations and/or speedy trial violations. The two remaining charges alleged that Pittman failed to support his children from July 1, 2007 through June 30, 2009. In a bill of particulars, the state clarified that the two remaining charges were based "on Pittman's failure to provide support pursuant to the November 20, 2006 orders, which determined that the children were emancipated and calculated the amount of Pittman's arrearage." *Pittman* at ¶ 10. Pittman moved to dismiss the remaining charges, and the trial court granted the motion. The Third District Court of Appeals affirmed, observing that " '[s]ince Pittman's daughters [were] emancipated, he was under no current legal obligation to support his children at the time the State filed its indictment.' " *Pittman* at ¶ 13, quoting *State v. Pittman*, 3d Dist. No. 9-13-65, 2014-Ohio-5001, ¶ 19.

{¶ 15} The Supreme Court found R.C. 2919.21(B) unambiguous. The court concluded that, because R.C. 2919.21(B) used the "present tense in the phrase 'is legally obligated to support,' a person charged with a violation must be under a current obligation to provide support." *Pittman* at ¶ 18, quoting R.C. 2919.21(B). The court observed that "Pittman's criminal liability for nonpayment of support ended on August 31, 2006, when his children were emancipated." *Id.* at ¶ 19. The charges at issue, however, alleged that Pittman violated R.C. 2919.21(B) between July 1, 2007 and June 30, 2009 when "Pittman was not under a court order to support his children." *Id.* Additionally, the charges were based on the November 20, 2006 order, which was "not for support but instead granted judgments against Pittman for the arrearage amounts." *Id.* Thus, the court concluded Pittman was not subject to prosecution under R.C. 2919.21(B)[1] for his "failure to make payments on the child-support arrearage established in the 2006 order when he had no current legal obligation to support his emancipated children." *Id.* at ¶ 23.

---

[1] Appellant asserts that *Pittman's* reasoning is equally applicable to prosecutions under R.C. 2919.21(A)(2), as 2919.21(A)(2) also uses the present tense in the phrase "child who is under age eighteen."

{¶ 16} Justice Lanzinger concurred in judgment only in *Pittman*, and wrote separately to express that "prosecution under R.C. 2919.21 for the nonpayment of child support after a child reaches 18 years old is not prohibited in every case." *Id.* at ¶ 24 (Lanzinger, J., concurring.) Justice Lanzinger stated that, while she could accept that R.C. 2919.21(B) "limits prosecutions based on child-support orders to those with current obligations rather than arrearages," she "disagree[d] with the statement that 'Pittman's criminal liability for nonpayment of support ended on August 31, 2006, when his children were emancipated." *Id.* concurring opinion, at ¶ 26, quoting Majority opinion at ¶ 19. Two other Justices joined Justice Lanzinger's concurrence.

{¶ 17} On September 10, 2018, the Eleventh District Court of Appeals addressed *Pittman* in *State v. Hubbard*, 11th Dist. No. 2017-P-0042, 2018-Ohio-3627. Although the state did not file the indictment charging Hubbard with two counts of non-support of dependents, in violation of R.C. 2919.21(A)(2) and/or (B), until after Hubbard's child was emancipated, the charges pertained to a time before the child's emancipation. The court acknowledged that *Pittman* concerned an arrearage only order, while the charges in *Hubbard* arose from an existing support order, but concluded that *Pittman* "bar[red] prosecution in either instance." *Hubbard* at ¶ 12.

{¶ 18} The *Hubbard* court noted *Pittman*'s conclusion that "the defendant's 'criminal liability for nonpayment of support ended on August 31, 2006, when his children were emancipated.' " *Hubbard* at ¶ 13, quoting *Pittman* at ¶ 19. *Hubbard* found that "[t]his conclusion related *not* to the arrearage-only order but to the defendant's obligation under the initial child support order." (Emphasis sic.) *Id.* *Hubbard* stated that Justice Lanzinger's concurrence clarified that *Pittman* applied to prosecutions based on both arrearage orders and current support orders. The court observed that it would have been "unnecessary and superfluous for the concurring [J]ustices to write a separate opinion disagreeing with the majority's analysis and asserting that the court's holding should not apply 'in every case' " if the majority decision applied solely to arrearage only prosecutions. *Hubbard* at ¶ 15.

{¶ 19} Thus, the majority in *Hubbard* concluded that *Pittman* precluded the state from charging Hubbard with non-support of dependents following the emancipation of his child. A dissenting judge in *Hubbard* concluded that *Pittman* should not bar prosecution

in the case, as the charges in *Hubbard* were based on a current support order, rather than an arrearage only order. *Hubbard* at ¶ 28 (O'Toole, J., dissenting.)

{¶ 20} On November 2, 2018, the Second District Court of Appeals released two decisions addressing *Pittman*: *State v. Ferguson*, 2d Dist. No. 27886, 2018-Ohio-4446, and *State v. Miles*, 2d Dist. No. 27885, 2018-Ohio-4444. The defendants in both *Ferguson* and *Miles* failed to make payments under a current support order, but the state did not indict the defendants on non-support of dependents charges until after the dependents were emancipated. Both decisions held that "*Pittman* does not preclude prosecution when there was a current support order during the time periods listed in the individual counts of the indictment, even though the indictment was filed after defendant's children were emancipated." *Ferguson* at ¶ 19. *Accord Miles* at ¶ 16.

{¶ 21} The *Ferguson* and *Miles* decisions observed that, while the "*Pittman* defendant was charged with failing to provide support *after* emancipation," the *Ferguson* and *Miles* defendants were charged "with failing to provide support *before* emancipation. The difference in when the alleged criminal conduct occurred is critical." (Emphasis sic.) *Ferguson* at ¶ 15. *Accord Miles* at ¶ 12. The decisions noted that the present tense in R.C. 2919.21(B) meant that the prohibited conduct, i.e. failing to provide support, must coincide with a current obligation to provide support. *Ferguson* at ¶ 15; *Miles* at ¶ 12. Unlike the *Pittman* defendant, the *Ferguson* and *Miles* defendants' "alleged failure to provide support coincide[d] with [their] obligation to provide support." *Ferguson* at ¶ 15; *Miles* at ¶ 12.

{¶ 22} While the *Ferguson* and *Miles* decisions acknowledged that *Pittman* "could be read to preclude any prosecution under R.C. 2919.21(B) following emancipation," both found that such a reading was not required. *Ferguson* at ¶ 18; *Miles* at ¶ 15. *Ferguson* observed that it seemed "illogical to read *Pittman* to require all indictments under R.C. 2919.21(B) to be filed prior to emancipation; such a reading might allow a parent to avoid a felony prosecution by ceasing support for 26 weeks during the last two years preceding emancipation." *Ferguson* at ¶ 18. *See* R.C. 2919.21(G)(1) (failing to provide support for a total accumulated period of 26 weeks out of 104 consecutive weeks is a felony of the fifth degree). Accordingly, *Ferguson* and *Miles* held the prosecutions for non-support of dependents were proper in each case.

{¶ 23} On May 3, 2019, the Second District released *State v. Brown*, 2d Dist. No. 2018-CA-29, 2019-Ohio-1666. The defendant in *Brown* failed to make payments under a current support order, but the state did not indict the defendant on non-support of dependent charges, in violation of R.C. 2919.21(B), until after the defendant's child was emancipated. *Brown* concluded that the holding in *Pittman* was "confined to the conclusion that a person, after his children are emancipated, has no current child support obligation, and therefore prosecution for a failure to pay a court-ordered arrearage is statutorily prohibited." *Brown* at ¶ 5. Adhering to *Ferguson* and *Miles*, *Brown* concluded that *Pittman* did not bar the state from prosecuting the defendant for non-support of dependents. *Id.* at ¶ 10-11.

{¶ 24} The *Brown* court acknowledged that its holding conflicted with the Eleventh District's decision in *Hubbard*. As such, *Brown* sua sponte certified a conflict to the Supreme Court of Ohio pursuant to Article IV, Section 3(B)(4), Ohio Constitution.

{¶ 25} On August 21, 2019, the Supreme Court found the judgments of *Brown* and *Hubbard* to be in conflict and accepted *Brown* for review. *8/21/2019 Case Announcements*, 2019-Ohio-3263. The Supreme Court ordered briefing on the following issue:

> May a child support obligor be prosecuted for failure to pay child support under R.C. 2919.21(B) where a child support order was in place for the time period specified in the charging document, but the charging document was filed after the child for whom support was owed had been emancipated and the child support obligation had terminated?

{¶ 26} On June 14, 2019, the Second District followed *Ferguson* and *Miles* again in *State v. Winslow*, 2d Dist. No. 28178, 2019-Ohio-2357. The *Winslow* court observed that, although the state did not indict Winslow on the non-support of dependent charges until after Winslow's child was emancipated, "the indictment covered a period when Winslow was obligated to pay court-ordered child support." *Winslow* at ¶ 20.

{¶ 27} Effective February 11, 2019, the General Assembly amended R.C. 2919.21(B) through 2018 Am.Sub.S.B. No. 70. The amendment clarifies that a person may be prosecuted for non-support of dependents under R.C. 2919.21(B) even after a child support order has terminated. R.C. 2919.21(B) currently provides as follows:

(1) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person:

(a) Is legally obligated to support; or

(b) Was legally obligated to support, and an amount for support:
(i) Was due and owing prior to the date the person's duty to pay current support terminated; and

(ii) Remains unpaid.

(2) The period of limitation under section 2901.13 of the Revised Code applicable to division (B)(1)(b) of this section shall begin to run on the date the person's duty to pay current support terminates.

{¶ 28} Appellant acknowledges the charges in *Pittman* alleged conduct occurring after the children were emancipated, while the charges in the instant case "involve[d] conduct at a time when [C.P.] was still a minor." (Appellant's Brief at 31.) Appellant asserts that such a distinction between the cases is meaningless, as the state's "need to ensure the children were adequately supported---the objective of nonsupport prosecutions---expire[s] once the parents' obligations terminated and the children turned 18 (or were emancipated)." (Appellant's Brief at 31.)

{¶ 29} "The concern of the state is to make certain that the children are adequately supported and do not become a public charge so long as one or the other or both parents are able to support them." *State v. Oppenheimer*, 46 Ohio App.2d 241, 246 (10th Dist.1975). However, " '[t]he parent's duty of support also runs to the state. It is the duty of the state which has been codified by R.C. 2919.21, making the failure to provide adequate support a misdemeanor of the first degree.' " *In re Thornburg*, 10th Dist. No. 98AP-466 (Jan. 26, 1999), quoting *State v. Meyer*, 14 Ohio App.3d 69, 73 (2d Dist.1983). Indeed, "if a parent charged with a support obligation fails to support his or her children, they become in danger of needing state assistance. Placing the child in that 'danger' can form the basis for the criminal charge under R.C. 2919.21. * * * The legislature may discourage such offensive conduct by punitive legislation." *Meyer* at 72. "Deterrence is a valid purpose of the criminal law." *Id.* at 73.

{¶ 30} The threat of criminal prosecution under R.C. 2919.21 serves to deter child support obligors from ceasing to support their children or comply with their support obligations. To read *Pittman* as holding that the state may not indict a delinquent child support obligor for non-support of dependents after the child is emancipated would only encourage such obligors, especially those with children nearing emancipation, to disregard their child support obligations with impunity. Such a construction of *Pittman* is not required.

{¶ 31} *Pittman* concerned an arrearage only order, and the charges in *Pittman* alleged that Pittman violated the arrearage only order in the years following his children's emancipation. Thus, the court's statement that "Pittman's criminal liability for nonpayment of support ended on August 31, 2006, when his children were emancipated," meant that the state could not charge Pittman with failing to support his children from 2007 to 2009 as the state had. *Id.* at ¶ 19. The statement pertains to the timeframe of the charges contained within the indictment, rather than the date of the indictment itself.

{¶ 32} We find the analysis of the Second District Court of Appeals in *Ferguson*, *Miles*, *Brown*, and *Winslow* persuasive. As such, we hold that *Pittman* does not preclude prosecution where, as here, there was a current support order during the time periods listed in the counts of the indictment, even though the indictment was filed after the dependent was emancipated. *Ferguson* at ¶ 19; *Miles* at ¶ 16.

{¶ 33} In the present case, the November 16, 2006 child support order obligated appellant to support C.P. until she was emancipated on October 13, 2014. The indictment charged appellant with failing to provide support from October 1, 2010 to October 1, 2012 and from October 2, 2012 to October 2, 2014. During these timeframes, appellant was subject to a current child support order and C.P. was not emancipated. Accordingly, as the indictment alleged appellant failed to provide support when he was subject to a current child support order, the trial court properly denied appellant's Crim.R. 12(C) motion to dismiss the case.

{¶ 34} Based on the foregoing, appellant's first assignment of error is overruled.

{¶ 35} We recognize that our judgment in the instant case is in conflict with the judgment of the Eleventh District Court of Appeals in *Hubbard*. As such, we sua sponte certify a conflict to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4), Ohio

Constitution.   As this case concerns the same conflict at issue between *Brown* and *Hubbard*, we certify the same question for review:

> May a child support obligor be prosecuted for failure to pay child support under R.C. 2919.21(B) where a child support order was in place for the time period specified in the charging document, but the charging document was filed after the child for whom support was owed had been emancipated and the child support obligation had terminated?

{¶ 36} Appellant's second assignment of error asserts the trial court erred in failing to grant his motion to dismiss the case based on R.C. 2705.031(E).  As appellant did not raise an argument regarding R.C. 2705.031(E) in the court below, he has waived this argument for purposes of appeal.  *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23, quoting *State v. McKee*, 91 Ohio St.3d 292, 299 (2001), fn. 3 (Cook, J., dissenting) (holding that "[w]aiver is the intentional relinquishment or abandonment of a right, and waiver of a right 'cannot form the basis of any claimed error under Crim.R. 52(B)' ").

{¶ 37} Based on the foregoing, appellant's second assignment of error is overruled.

## IV. Conclusion

{¶ 38} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.  As previously indicated, we sua sponte certify a conflict to the Supreme Court of Ohio.

*Judgment affirmed;*
*conflict certified sua sponte.*

SADLER, DORRIAN, and LUPER SCHUSTER, JJ., concur.

———————————