[Cite as *State v. Cornwell*, 2019-Ohio-4643.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| GENE CORNWELL | : | Case No. 19CA001 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Holmes County
                                    Court of Common Pleas, Case No.
                                    18CR053


JUDGMENT:                           Affirmed in part; Reversed in part;
                                    Remanded


DATE OF JUDGMENT:                   November 8, 2019


APPEARANCES:

For Plaintiff-Appellant             For Defendant-Appellee

JEFFREY G. KELLOG                   ROBERT K. HENDRIX
5 South Washington Street           Assistant Prosecuting Attorney
Millersburg, Ohio 44654             Holmes County, Ohio
                                    164 E. Jackson Street

*Baldwin, J.*

{¶1}   Gene L Cornwall appeals the decision of the Holmes County Court of Common Pleas denying his request to withdraw his plea of guilty to a violation of R.C. 2919.21(B) as well as the sentence imposed by the trial court. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2}   On June 4, 2018 the Holmes County Grand Jury indicted Appellant for a violation of R.C. 2919.21(B) stating that on or about April 1, 2017 to April 30, 2018 Appellant:

did abandon, or failed to provide support as established by a court order to J.C. 04/01/2000, whom, by court order or decree, Gene L. Cornwell was legally obligated to support.

FURTHERMORE (sic), the offender failed to provide support for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the 26 weeks were consecutive.

{¶3}   On August 16, 2018 Appellant appeared before the court with counsel and entered a guilty plea. After fulfilling the requirements of Crim.R. 11, the trial court accepted the plea. Sentencing was scheduled for October 4, 2018. On September 6, 2018 Appellant filed a Motion for Order Permitting Defendant to Withdraw Guilty Plea and Dismissing the Indictment. Within the motion, Appellant cited *State v. Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314, 79 N.E.3d 531 contending that he could not be prosecuted

for nonpayment of support for a child who had been emancipated prior to the date the indictment was filed. He also complained that the text of the indictment was prejudicially erroneous as it substituted the word "was" for the word "is". Specifically, the indictment stated that he "was" legally obligated to pay support rather than alleging that he "is" legally obligated to pay support.  Appellee opposed the motion and requested an evidentiary hearing.

{¶4}   The matter came on for hearing on January 3, 2019 with Appellant, his counsel, and an assistant prosecuting attorney present. Neither party presented testimony or any evidentiary materials. Instead, the parties engaged in argument regarding the allegations of the motion and the terms of the indictment as well as the application of the Supreme Court of Ohio's decision in *Pittman,* supra. Appellant's counsel asserted that the child who was the subject of the support order was emancipated but no documentation nor any testimony was presented to the trial court to confirm that allegation.

{¶5}   After the argument, the trial court announced that it was denying the motion to withdraw the plea and proceeded to sentencing. Appellant was ordered to pay restitution to the Holmes County Child Support Enforcement Agency in the amount of $32,413.47, as well as court costs. Appellant was sentenced to one year in the Holmes County jail with work release at the discretion of the probation department and the sheriff and five years of community control and basic supervision, with one year being intensive supervision, by the Holmes County Adult Probation Department.

{¶6}   On January 31, 2019 Appellant filed a timely appeal and submitted two assignments of error:

**{¶7}** "I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT/APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA FILED PRIOR TO SENTENCING."

**{¶8}** "II. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO FIVE YEARS OF COMMUNITY CONTROL AND 12 MONTHS OF LOCAL INCARCERATION BECAUSE SAID SENTENCE IS CONTRARY TO LAW."

## STANDARD OF REVIEW

**{¶9}** We review a trial court's denial of a motion to withdraw guilty plea under an abuse of discretion standard. *State v. Carabello*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977) as quoted in *State v. Hammock,* 5th Dist. Richland No. 18CA104, 2019-Ohio-127, ¶ 22. Thus, we review a trial court's denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard, and we reverse that denial only if it is unreasonable, arbitrary, or unconscionable.

## ANALYSIS

**{¶10}** Appellant complains, in his first assignment of error, that the trial court erred in denying his motion to withdraw his guilty plea filed prior to sentencing.

**{¶11}** Crim. R. 32.1 states, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant does not have an absolute right to withdraw a guilty

plea prior to sentencing; however, a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *State v. Hamilton*, 5th Dist. Muskingum No. CT2008–0011, 2008–Ohio–6328, ¶ 32, quoting State v. Xie, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), at paragraph one of the syllabus.

**{¶12}** The court in *State v. Fish,* 104 Ohio App.3d 236, 661 N.E.2d 788 (1995) compiled a non-exhaustive list of factors to be considered in the context of a request to withdraw a guilty plea. These factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was possibly not guilty or had a complete defense to the crime.

**{¶13}** In weighing the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." *State v. Davison*, 5th Dist. Stark No.2008–CA–00082, 2008–Ohio–7037, ¶ 45, *quoting State v. Kramer*, 7th Dist. Mahoning No. 01–CA–107, 2002–Ohio–4176, ¶ 58.

**{¶14}** Appellant filed a motion that was limited to two issues.  First, that the indictment was defective because it contained the phrase "was obligated" rather than "is obligated" and that that Supreme Court of Ohio provided a complete defense to the charges.  Because the Appellant limited his presentation to the trial court to those issues, our analysis is likewise limited.

**{¶15}** Appellant argues that the holding of *Pittman*, *supra* supports his contention that the Appellee could not prosecute him for non-support because he was under no obligation to support J.C. when the indictment was issued.   Appellant contends that J.C. was emancipated prior to the filing of the indictment, ending his support obligation and his criminal liability for failure to pay support.  Appellant also contended that there was a prejudicial error in the language of the indictment. The statute states " No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support, but in the the indictment the word "is" was changed to "was" and Appellant contends that was in violation of the precedent established by the Supreme Court of Ohio in *Pittman*.

**{¶16}** Appellee responds by arguing that *Pittman* is factually distinguishable because the defendant in *Pittman* was charged with failure to pay an arrearage order that was issued after his support order was terminated and he was not charged with a failure to pay support during the time he was obligated to make payments. In fact, the charges for failure to support were dismissed as being barred by the statute of limitations or for speedy trial violations.

**{¶17}** Appellee also contended that changing "is" to "was" was only done to make grammatical sense and for no other reason. The violation occurred prior to the filing of the indictment and hence the past tense was appropriate.

**{¶18}** The language of R.C. 2919.21(B) and the holding of *Pittman*, did create some confusion in the application of the statute.[1] In *State v. Hubbard*, 11th Dist. Portage No. 2017-P-0042, 2018-Ohio-3627, 119 N.E.3d 798 the Eleventh District Court of Appeals concluded that *Pittman* prohibited the imposition of criminal penalty for nonpayment of child support after the child had been emancipated regardless of when the failure to pay child support had occurred and regardless of whether the charge arose from a violation of a child support order or an arrearage order. The Second District Court of Appeals and most recently, the Tenth District Court of Appeals limited the holding of *Pittman* to the circumstances where the state was attempting to apply criminal penalties to failure to pay an arrearage order. In both Districts, the courts decided that *Pittman* did not apply when the failure to pay the child support order occurred while there was still a valid child support order pending. (*State v. Ferguson*, 2d Dist. Montgomery No. 27886, 2018-Ohio-4446, 122 N.E.3d 652; *State v. Miles*, 2d Dist. Montgomery No. 27885, 2018-Ohio-4444, 122 N.E.3d 656; *State v. Winslow*, 2nd Dist. Montgomery No. 28178, 2019-Ohio-2357, motion to certify allowed, 157 Ohio St.3d 1417, 2019-Ohio-3797 (2019) *State v. Brown,* 2nd Dist. Greene No. 2018-CA-29, 2019-Ohio-1666, motion to certify allowed,

---

[1] On February 11, 2109, the Legislature amended R.C. 2919.21(B) presumably to address the holding in *Pittman* and that section now reads:

(B) (1) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person:
(a) Is legally obligated to support; or
(b) Was legally obligated to support, and an amount for support:
(i) Was due and owing prior to the date the person's duty to pay current support terminated; and
(ii) Remains unpaid.
(2) The period of limitation under section 2901.13 of the Revised Code applicable to division (B)(1)(b) of this section shall begin to run on the date the person's duty to pay current support terminates.

We find this amendment addresses the holding in *Pittman*, but has no impact on our analysis of the facts of the case before us as we have concluded *Pittman* is inapplicable.

156 Ohio St.3d 1491, 2019-Ohio-3263, 129 N.E.3d 475 (2019); *State v. Parr*, 10th Dist. Franklin No. 17AP-782, 2019-Ohio-4011).

**{¶19}** We adopt the rational of the Second and Tenth District Court of Appeals which found that "that Pittman does not preclude prosecution where, as here, there was a current support order during the time periods listed in the counts of the indictment, even though the indictment was filed after the dependent was emancipated." *Parr, supra* at ¶ 32 (Citations omitted.) The facts in the case before us and the case in *Parr* are analogous and we find the Tenth District's analysis persuasive:

The threat of criminal prosecution under R.C. 2919.21 serves to deter child support obligors from ceasing to support their children or comply with their support obligations. To read Pittman as holding that the state may not indict a delinquent child support obligor for non-support of dependents after the child is emancipated would only encourage such obligors, especially those with children nearing emancipation, to disregard their child support obligations with impunity. Such a construction of Pittman is not required.

Pittman concerned an arrearage only order, and the charges in Pittman alleged that Pittman violated the arrearage only order in the years following his children's emancipation. Thus, the court's statement that "Pittman's criminal liability for nonpayment of support ended on August 31, 2006, when his children were emancipated," meant that the state could not charge Pittman with failing to support his children from 2007 to 2009 as the state had. Id. at ¶ 19. The statement pertains to the timeframe of the

charges contained within the indictment, rather than the date of the indictment itself.

Id. at ¶¶ 30-31.

{¶20} We hold that the trial court did not abuse its discretion by failing to permit withdrawal of the guilty plea as the record supports a finding that the appellant was given a full Crim.R. 11 hearing, a full hearing on his motion, and that the trial court a full and fair consideration to his motion. The change of plea hearing transcript also demonstrates appellant understood the nature of the charges and possible penalties. Further, considering our interpretation of *Pittman* we find there is sufficient evidence to demonstrate the trial court could find that the accused was not "possibly not guilty" or did not have "a complete defense to the crime."

{¶21} Appellant's First Assignment of Error is overruled.

{¶22} We recognize that our decision is in conflict with the judgment of the Eleventh District Court of Appeals in *Hubbard*, that this conflict is currently before the Supreme Court of Ohio in *Winslow* and *Brown* and that the Tenth District Court of Appeals certified the same conflict in *Parr.* Therefore, we sua sponte certify a conflict to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4), Ohio Constitution. As this case concerns the same conflict at issue between *Brown* and *Hubbard,* we certify the same question for review:

May a child support obligor be prosecuted for failure to pay child support under R.C. 2919.21(B) where a child support order was in place for the time period specified in the charging document, but the charging document was

filed after the child for whom support was owed had been emancipated and the child support obligation had terminated?

**{¶23}** In his Second Assignment of Error, Appellant contends that the trial court's sentence was contrary to law. Appellee conceded that the Appellant was correct and that this matter should be remanded for resentencing.

**{¶24}** The trial court did determine that a prison sentence was not consistent with the overriding purposes of felony sentencing and that Appellant was amenable to available community sanctions. When the trial court imposes "a sentence for a felony upon an offender who is not required to serve a mandatory prison term" the court "may impose any community residential sanction or combination of community residential sanctions under this section." R.C. 2929.16(A). The statute limits incarceration to "a term of up to six months at a community-based correctional facility that serves the county". *Id* at (A)(1). The trial court's sentence of one year is not permitted and we therefor find that the Appellant's second assignment of error has merit.

**{¶25}** The decision of the Holmes County Court of Common Pleas is affirmed in part and reversed in part and remanded for resentencing consistent with this opinion.  We sua sponte certify a conflict to the Supreme Court of Ohio.

By: Baldwin, J.

Hoffman, P.J. and

Wise, Earle, J. concur.