[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Brown*, Slip Opinion No. 2020-Ohio-4623.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4623

THE STATE OF OHIO, APPELLEE, *v.* BROWN, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Brown*, Slip Opinion No. 2020-Ohio-4623.]**

*Criminal law—R.C. 2919.21(B)—Failure to provide support pursuant to a court's order—A defendant may be charged with nonpayment of support under R.C. 2919.21(B) when conduct underlying charge occurred while a support order was in effect, even if defendant's child is emancipated at time charge is brought, so long as statute of limitations has not run and statute's other elements are met—Trial court erred in dismissing the charges simply because appellant's child had been emancipated at time appellant was charged—State v. Pittman distinguished—Court of appeals' judgment affirmed.*

(No. 2019-0737—Submitted May 13, 2020—Decided September 30, 2020.)

CERTIFIED by the Court of Appeals for Greene County,

No. 2018-CA-29, 2019-Ohio-1666.

_____

**O'CONNOR, C.J.**

### Introduction

**{¶ 1}** This appeal concerns charges filed against appellant, Chalmer Brown, for failure to pay court-ordered child support under R.C. 2919.21(B). The trial court dismissed the charges based on our decision in *State v. Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314, 79 N.E.3d 531, but the Second District Court of Appeals reversed, holding that *Pittman* does not apply to the present case. We agree with the Second District. We therefore affirm its judgment and answer the certified-conflict question in the affirmative.

### Relevant Background

**{¶ 2}** In August 2001, the Greene County Juvenile Court ordered Brown to pay $87 a month in child support for K.M., his child. In December 2017, the Greene County Child Support Enforcement Agency emancipated K.M. as of September 13, 2017, and the juvenile court ordered Brown to pay $117 a month in arrearages.

**{¶ 3}** In January 2018, appellee, the state of Ohio, charged Brown in Xenia Municipal Court with two counts of nonsupport of dependents under R.C. 2919.21(B). At that time, R.C. 2919.21(B) provided that "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." 2015 Am.Sub.H.B. No. 64.[1] According to the charging document, Count I was based on nonpayment between July and December of 2016 and Count II was based on nonpayment between January 2017 and the effective date of K.M.'s emancipation in September 2017.

**{¶ 4}** Brown moved to dismiss, arguing that he could not be prosecuted for violating R.C. 2919.21(B), because he was not subject to a legal order for support

---

1. R.C. 2919.21(B) was materially amended effective February 11, 2019. *See* 2018 Sub.S.B. No. 70. This case concerns only the version of the statute in effect between January 1, 2016, and February 11, 2019.

at the time he was charged. The trial court agreed and dismissed the charges based on its reading of our decision in *Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314, 79 N.E.3d 531. In *Pittman*, we affirmed the dismissal of charges under R.C. 2919.21(B) against a defendant who had failed to make payments required by an arrearages order. That conclusion was compelled, we held, by the present-tense nature of the language in R.C. 2919.21(B): "[b]ecause the statute uses the present tense in the phrase '*is* legally obligated to support,' a person charged with a violation must be under a current obligation to provide support." (Emphasis added.) *Pittman* at ¶ 18, quoting former R.C. 2919.21(B), Am.Sub.H.B. No. 352, 147 Ohio Laws, Part II, 2606, 2659. The trial court in the present case relied on the additional statement in *Pittman* that "Pittman's criminal liability for nonpayment of support ended on August 31, 2006, when his children were emancipated," *id.* at ¶ 19. Because K.M. was emancipated at the time charges against Brown were brought, the trial court held that *Pittman* barred the charges.

{¶ 5} On appeal, the Second District reversed. It distinguished *Pittman* on the ground that the charges against Pittman were based on nonpayment under an arrearages order in effect after his children's emancipation, whereas the charges against Brown were based on nonpayment under the 2001 order of support that was in effect before K.M.'s emancipation. The fact that K.M. was emancipated at the time Brown was charged simply did not matter, because the charged conduct took place at a time when the support order was in effect—between July and December 2016 for Count I and between January 2017 and September 13, 2017, for Count II. The Second District therefore reversed the trial court's dismissal of the charges against Brown and remanded the case for further proceedings.

{¶ 6} The Second District certified the existence of a conflict between its judgment in this case and the Eleventh District's judgment in *State v. Hubbard*, 2018-Ohio-3627, 119 N.E.3d 798 (11th Dist.). In *Hubbard*, the Eleventh District vacated the defendant's convictions under R.C. 2919.21(B) based on its view that

*Pittman* required the state to bring the charges before the defendant's child was emancipated. The Second District certified that its judgment conflicts with *Hubbard* on the following question:

> May a child support obligor be prosecuted for failure to pay child support under R.C. 2919.21(B) where a child support order was in place for the time period specified in the charging document, but the charging document was filed after the child for whom support was owed had been emancipated and the child support obligation had terminated?

2019-Ohio-1666, 135 N.E.3d 1151, ¶ 12. We recognized the conflict. 156 Ohio St.3d 1491, 2019-Ohio-3263, 129 N.E.3d 475.

**Analysis**

{¶ 7} The interpretation of a statute is a question of law. *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 9. We therefore review the Second District's decision de novo. *Id.*

{¶ 8} Brown argues that the holding of *Pittman* prohibits the state from bringing charges under R.C. 2919.21(B) once the obligor's child has been emancipated. He relies on our observation in *Pittman* that the statute uses the present tense—proscribing nonpayment when an obligor "is legally obligated to [provide] support"—as well as our statement in *Pittman* that "*Pittman*'s criminal liability for nonpayment of support ended on August 31, 2006, when his children were emancipated," 150 Ohio St.3d 113, 2016-Ohio-8314, 79 N.E.3d 531, at ¶ 19. Brown argues that when viewed together, *Pittman* and the statutory language establish that charges under R.C. 2919.21(B) must be filed while a support order is still in effect. He also points out that emancipation of an obligor's child does not mean that the obligor cannot be charged for wrongful conduct under another

4

statute—for example, R.C. 2919.21(A)(2) (providing at the time Brown was charged that "[n]o person shall abandon, or fail to provide adequate support to * * * [t]he person's child who is under age eighteen, or [the person's] mentally or physically handicapped child who is under age twenty-one," 2015 Am.Sub.H.B. No. 64). For these reasons, Brown argues, the *Hubbard* court correctly applied *Pittman* to bar charges brought after the defendant's child has been emancipated.

{¶ 9} The state responds by focusing on the language of the statute, which sets out the elements of the offense. Relevant here, former R.C. 2919.21(B) prohibited a person's failure to provide support to "another person whom, by court order or decree, the person is legally obligated to support." 2015 Am.Sub.H.B. No. 64. The element contained in the present-tense phrase "is legally obligated to support" is met, the state argues, when the nonpayment occurs at a time when a support order was in effect. The state contends that whether the obligor's child has been emancipated at the time charges are brought is irrelevant under the language of R.C. 2919.21(B). Accordingly, the state argues that the Second District correctly reversed the trial court's dismissal of the charges against Brown because the charges were based on conduct that took place while Brown's support order was in effect. And *Pittman* does not change that conclusion, the state contends, because the conduct underlying the charges in *Pittman* occurred at a time when only an arrearages order was in effect.

{¶ 10} We agree with the state. As the state correctly notes, "[a]n offense is committed when every element of the offense occurs," R.C. 2901.13(E). A plain reading of the version of R.C. 2919.21(B) that was in effect at the times relevant to this case shows that the offense is committed when a person fails to make a payment required by a support order then in effect. That is the meaning of the statute's use of the present tense in the phrase "is legally obligated to support." If the support order is subsequently rescinded due to the child's emancipation, the state may still charge the person under R.C. 2919.21(B) for the person's failure to make payments

required by the support order when it was in effect as long as the statute of limitations has not passed.

{¶ 11} When former R.C. 2919.21(B) is applied to this case, it is clear that the trial court erred by dismissing the charges simply because K.M. had been emancipated at the time Brown was charged. The support order was in effect between 2001 and September 13, 2017, the date of K.M.'s emancipation. Both counts against Brown were based on nonpayment before September 13, 2017. Brown does not argue that the statute of limitations has run on either count. As a result, the charging documents sufficiently allege that the nonpayment relates to another person the obligor "is legally obligated to support" as required by R.C. 2919.21(B).

{¶ 12} Moreover, the present case is distinguishable from *Pittman*. In *Pittman*, the defendant was subject to a support order starting in 1989. 150 Ohio St.3d 113, 2016-Ohio-8314, 79 N.E.3d 531, at ¶ 2. His children were emancipated on August 31, 2006, and the support order was terminated as of that date. *Id.* at ¶ 3. The defendant was further required to pay arrearages pursuant to an order entered in November 2006. *Id.* When he failed to make arrearage payments required by that order, he was charged with nonpayment of support under R.C. 2919.21(B). *Id.* at ¶ 5.

{¶ 13} This court considered the validity of two charges against Pittman based on nonpayment between July 1, 2007, and June 30, 2009—after the emancipation of his children. We stated that the use of the present tense in the phrase "is legally obligated to support" in former R.C. 2919.21(B) meant that "a person charged with a violation must be under a current obligation to provide support." *Id.* at ¶ 18. We therefore determined that the charges were unlawful because they were based on conduct that took place at a time when the defendant was not subject to a support order: "The 2006 orders were not for support but instead granted judgments against Pittman for the arrearage amounts." *Id.* at ¶ 19.

That is materially different from the present case, in which the charges are for conduct committed when Brown was subject to a support order.

{¶ 14} We also reject Brown's argument that *Pittman* compels a different conclusion based on our statement that "Pittman's criminal liability for nonpayment of support ended on August 31, 2006, when his children were emancipated," *id.* This statement is best understood as indicating that insofar as Pittman failed to make a payment under the arrearages order entered after his children were emancipated, he could not be charged under R.C. 2919.21(B), because the arrearages order was not a current support order issued prior to emancipation for purposes of the statute.

{¶ 15} Based on the language of the statute, we hold that a defendant may be charged with nonpayment of support under R.C. 2919.21(B) when the conduct underlying the charge occurred while a support order was in effect, even if the child of the defendant is emancipated at the time the charge is brought, so long as the statute of limitations has not run and the other elements of the statute are met.

**Conclusion**

{¶ 16} For these reasons, we answer the certified-conflict question in the affirmative, and we affirm the judgment of the Second District Court of Appeals.

Judgment affirmed.

KENNEDY, FRENCH, FISCHER, DeWINE, DONNELLY, and STEWART, JJ., concur.

_____

Stephen K. Haller, Greene County Prosecuting Attorney, and Christopher A. Murray, Assistant Prosecuting Attorney, for appellee.

Adam James Stout, for appellant.

Ron O'Brien, Franklin County Prosecuting Attorney, and Michael P. Walton, Assistant Prosecuting Attorney, urging affirmance for amicus curiae, Franklin County Prosecutor Ron O'Brien.

_____