[Cite as *In re J.T.*, 2022-Ohio-3466.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE:  J.T.

C.A. No.     30223

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DL 20 04 0347

DECISION AND JOURNAL ENTRY

Dated: September 30, 2022

HENSAL, Presiding Judge.

**{¶1}**  J.T., a juvenile, appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division.  This Court affirms.

I.

**{¶2}**  J.T. was charged with one count of criminal damaging in violation of Revised Code Section 2909.06 and one count of vandalism in violation of Section 2909.05.  The charges stemmed from damage J.T. and two other juveniles allegedly caused to the victim's car.  Relevantly, the vandalism statute under which J.T. was charged required proof that the victim used her car in her "profession, business, trade, or occupation[.]"  R.C. 2909.05(B)(1)(a).  The matter proceeded to an adjudication hearing before a magistrate.

**{¶3}**  At the adjudication hearing, the State presented evidence indicating that J.T. and two other juveniles poured sugar into the gas tank of the victim's car and threw eggs and water balloons at the victim's car, which caused over $1,850.00 in damage.  According to one of the

juveniles, it was J.T.'s idea to "do something to the [victim's] car[.]" That juvenile admitted that she was the person who poured the sugar into the victim's gas tank, but that it was J.T.'s idea and J.T. threw eggs and water balloons at the victim's car. The victim testified that she was self-employed as home health aide, that she also worked at a beauty shop, and that she used her car to get to work.

{¶4} After the hearing, the magistrate adjudicated J.T. delinquent on both counts. In its decision, the magistrate indicated that J.T. threw eggs and water balloons at the victim's car and that, while J.T. did not pour sugar into the victim's gas tank, it was her idea to do so. The magistrate also indicated that the victim used the car "for transportation relative to her employment" as a home health aide, "which invariably required the use of the [c]ar to travel from patient to patient, as opposed to just driving to a static place of employment." The juvenile court adopted the magistrate's decision the same day it was issued.

{¶5} J.T. filed objections to the magistrate's decision. Relevantly, J.T. argued that the State failed to present evidence indicating that the victim used her car in her business or profession for purposes of the vandalism charge. J.T. also argued that the State failed to prove that she poured sugar into the victim's gas tank.

{¶6} In response, the State argued that the victim testified that she was a home health aide, and that all reasonable inferences from that testimony established that the victim used her car in her business or profession. The State also argued that the evidence established that it was J.T.'s idea to pour sugar into the victim's gas tank, that J.T. solicited another juvenile into pouring sugar into the victim's gas tank, and that J.T., therefore, was complicit in that criminal act.

{¶7} The juvenile court overruled J.T.'s objections. In doing so, the juvenile court relied upon the Third District's decision in *State v. Uballe*, 3d Dist. Seneca No. 13-05-47, 2006-Ohio-

6922, for the proposition that the nature of a home health aide's occupation requires continuous transportation to and from various homes to meet the needs of patients. *See id*. at ¶ 12. The juvenile court, therefore, rejected J.T.'s argument that the State failed to establish that the victim used her car in her business or profession. The juvenile court also found that it was J.T.'s idea to damage the victim's car, that J.T. initiated the plan, and that the juveniles collectively damaged the victim's car. The juvenile court, therefore, rejected J.T.'s argument that she could not be criminally liable for pouring sugar into the victim's gas tank.

{¶8} J.T. now appeals, raising three assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND APPELLANT DELINQUENT ON COUNT TWO WHEN THERE WAS NOT SUFFICIENT EVIDENCE TO ESTABLISH AN ESSENT[I]AL ELEMENT OF VAND[A]LISM BEYOND A REASONABLE DOUBT.

{¶9} In her first assignment of error, J.T. argues that the State failed to present sufficient evidence to support her delinquency adjudication for vandalism. Specifically, she argues that the State failed to present evidence establishing that the victim used her car in her business or profession. For the reasons that follow, this Court disagrees.

{¶10} This Court applies the same sufficiency standard of a review in a juvenile delinquency appeal that we apply in an adult criminal appeal. *In re T.A.*, 9th Dist. Medina No. 19CA0025-M, 2020-Ohio-3613, ¶ 7. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the

syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*; *State v. Thomas*, 9th Dist. Lorain No. 19CA011578, 2020-Ohio-3538, ¶ 16 ("[A] sufficiency review commands the court to make all reasonable inferences in favor of the State.").

{¶11} Section 2909.05(B)(1)(a), under which J.T. was charged, provides that "[n]o person shall knowingly cause physical harm to property that is owned or possessed by another[] when * * * [t]he property is used by its owner or possessor in the owner's or possessor's profession, business, trade, or occupation[.]" Here, the victim testified that she worked as a self-employed home health aide and also worked at a beauty shop. When asked how she would get to work on a typical day, the victim responded: "I drive my car."

{¶12} Courts have held that testimony indicating that the victim used his or her car to drive to and from work, without more, is insufficient for purposes of establishing vandalism under Section 2909.05(B)(1)(a). *See, e.g.*, *State v. Webb*, 6th Dist. Lucas No. L-90-280, 1991 WL 253811, *4 (Nov. 15, 1991); *State v. Hart*, 8th Dist. Cuyahoga No. 79564, 2002 WL 450133, * 6 (Mar. 14, 2002). Here, however, the victim also testified that she was a self-employed home health aide. Making all reasonable inferences in favor of the State, we conclude that a rational trier of fact could have found that the victim used her car in her business or profession, and that the State proved the essential elements of vandalism beyond a reasonable doubt. *See Uballe*, 2006-Ohio-6922, at ¶ 12. J.T.'s first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND
APPELLANT DELINQUENT ON COUNTS ONE AND TWO AGAINST THE
MANIFEST WEIGHT OF THE EVIDENCE.

{¶13} In her second assignment of error, J.T. argues that her delinquency adjudications for criminal damaging and vandalism were against the manifest weight of the evidence. For the reasons that follow, this Court disagrees.

{¶14} Like our sufficiency standard of review, this Court applies the same manifest weight standard of review in a juvenile delinquency appeal that we apply in an adult criminal appeal. *In re T.A.*, 2020-Ohio-3613, at ¶ 7. When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 9th Dist. Summit No. 29290, 2019-Ohio-3970, ¶ 26.

{¶15} Regarding J.T.'s delinquency adjudication for criminal damaging, Section 2909.06(A)(1) provides that no person shall knowingly, by any means, "cause * * * physical harm to any property of another without the other person's consent[.]" As the Ohio Supreme Court has stated, "a defendant charged with an offense may be convicted of that offense upon proof that he was complicit in its commission, even though the indictment is 'stated * * * in terms of the principal offense' and does not mention complicity." *State v. Herring*, 94 Ohio St.3d 246, 251 (2002), quoting R.C. 2923.03(F). "To support a conviction for complicity by aiding and abetting

* * * the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." *State v. Johnson,* 93 Ohio St.3d 240 (2001), syllabus.

{¶16} J.T. argues that her delinquency adjudication for criminal damaging was against the manifest weight of the evidence because another juvenile admitted to pouring sugar into the victim's gas tank, and the testimony was unclear as to whether it was her (J.T.'s) idea to do so. Despite her arguments to the contrary, the State presented evidence indicating that it was J.T.'s idea to damage the victim's car, and that she solicited two other juveniles to aid her in damaging the victim's car. While the evidence indicated that another juvenile, not J.T., poured sugar into the victim's car's gas tank, that juvenile testified that it was J.T.'s idea to do so. In light of this evidence, this Court cannot say that J.T.'s delinquency adjudication for criminal damaging was against the manifest weight of the evidence.

{¶17} Regarding her delinquency adjudication for vandalism, J.T. argues that it was against the manifest weight of the evidence because the victim only testified that she drove her car to and from work, and there were "no facts * * * presented at trial that [the victim] was actively caring for any patients at the time of the incident, when [the victim] may have last taken care of patients, who [the victim's] patients were, or if [the victim] cared for patients at any time after the incident." She also argues that there was no evidence to corroborate the victim's testimony that she worked as a home health aide.

{¶18} As previously noted, the victim testified that she is a self-employed home health aide and that she used her car to get to work. The fact that the State did not present additional evidence to corroborate the victim's testimony does not render her delinquency adjudication against the manifest weight of the evidence. *State v. Bortner*, 9th Dist. Lorain No. 02CA008189,

2003-Ohio-3508, ¶ 19 ("[T]he mere fact that only one witness for the prosecution could provide testimony as to each element of the crime does not, in and of itself, indicate that the convictions are against the manifest weight of the evidence."). While additional testimony regarding the victim's job as a home health aide may have strengthened the State's case, this Court cannot say that this is the exceptional case in which the evidence weighs heavily against J.T.'s delinquency adjudication. *Croghan*, 2019-Ohio-3970, at ¶ 26. J.T.'s second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

> THE STATE COMMITTED PROSECUTORIAL MISCONDUCT AND REVERSIBLE ERROR WHEN IT RESPONDED TO APPELLANT'S MOTION FOR ACQUITTAL WITH FACTS WHICH WERE NOT TESTIFIED TO AT TRIAL.

{¶19} In her third assignment of error, J.T. argues that the State committed prosecutorial misconduct when, in the prosecutor's response to her counsel's motion for acquittal, the prosecutor referred to facts that were not in evidence. Specifically, she argues that the prosecutor committed misconduct when the prosecutor stated that the victim's job as a home health aide "entails her driving her car to different homes to provide her services."

{¶20} J.T.'s counsel did not object to the prosecutor's alleged misconduct during the adjudication hearing or in written objections following the hearing. As a result, J.T. is limited to arguing plain error on appeal. *State v. Moreland*, 9th Dist. Summit No. 27910, 2016-Ohio-7588, ¶ 29. J.T., however, has not developed a plain-error argument in her appellate brief, and this Court will not construct a plain-error argument on her behalf. *State v. Piatt*, 9th Dist. Wayne No. 19AP0023, 2020-Ohio-1177, ¶ 20 ("We have repeatedly held that we will not construct a plain error argument on an appellant's behalf."). J.T.'s third assignment of error is overruled.

III.

**{¶21}** J.T.'s assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SUTTON, J.
<u>CONCURS.</u>

CARR. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶22} I respectfully dissent from the judgment of the majority to the extent it concludes that sufficient evidence was presented to support the delinquency adjudication for vandalism. I cannot conclude, even when viewing the evidence in a light most favorable to the State, that sufficient evidence was presented to demonstrate that "[t]he property [was] used by its owner or possessor in the owner's or possessor's profession, business, trade, or occupation * * *." R.C. 2909.05(B)(1)(a).

{¶23} As noted by the majority, testimony indicating that the victim used the car to drive to and from work, without more, is insufficient for purposes of establishing vandalism under R.C. 2909.05(B)(1)(a). *See State v. Hart*, 8th Dist. Cuyahoga No. 79564, 2002 WL 450133, *6 (March 14, 2002). Here, the testimony was very limited. The victim testified that she was a self-employed home health aide and worked at a beauty shop. When asked how she got to work, the victim answered that she drove her car. There was no testimony as to what the victim's job as a home health aide required in terms of the use of her vehicle. I cannot conclude it is appropriate to infer merely from the victim's job title that the vehicle was used by the victim in her profession outside of driving to and from work.

{¶24} While the majority cites to *State v. Uballe*, 3d Dist. Seneca No. 13-05-47, 2006-Ohio-6922, ¶ 12, in support of its position, I would conclude the facts of *Uballe* are distinguishable from the facts before this Court. The victim in *Uballe* "testified at trial that she owned the car in question, that all four tires were slashed, and that the car was her only means of performing her job as a self-employed home health care assistant in which she was involved seven days a week picking up groceries and prescriptions for various patients/clients." *Id.* at ¶ 12. Accordingly, in

*Uballe* there was at least some discussion as to the victim's duties and how they would involve the use of the vehicle at issue. The same is absent in this case.

{¶25} Accordingly, I dissent from the majority's resolution of the first assignment of error.

APPEARANCES:

JASON JORDAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.