[Cite as *State v. Black*, 2024-Ohio-116.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

DAVID R. BLACK

    Appellant

C.A. No.    2023CA0016-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    22CR0464

DECISION AND JOURNAL ENTRY

Dated: January 16, 2024

HENSAL, Presiding Judge.

{¶1} David Black appeals his conviction for domestic violence by the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} On May 23, 2021, Brunswick police officers were dispatched to check the welfare of E.W. after an anonymous caller reported concerns about domestic violence based on photographs that E.W. posted on social media. After speaking with officers for a few moments, E.W. showed them recent injuries, described an incident of domestic violence that had occurred over the weekend, and relayed information about previous incidents that led to her social media post. E.W. told the officers that she did not want her ex-husband, Mr. Black, to be prosecuted, but upon learning that Mr. Black had been convicted of domestic violence before, the officers informed her that he would be charged regardless.

**{¶3}** A grand jury indicted Mr. Black on one charge of domestic violence, a third-degree felony based on his two prior convictions. The jury found him guilty, and the trial court sentenced Mr. Black to thirty-six months in prison. Mr. Black appealed, and his three assignments of error are rearranged to facilitate our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT STATED THAT THE DEFENDANT IS EITHER GUILTY OR INNOCENT DURING ITS OPENING REMARKS AND FINAL REMARKS WHICH IS CONTRARY TO THE LAW.

**{¶4}** Mr. Black's first assignment of error argues that the trial court erred by stating that the jury was required to find him guilty or innocent at various points during the trial. Because Mr. Black did not object to these statements during the trial, he is limited to arguing plain error on appeal. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22.

**{¶5}** Criminal Rule 52(B) permits this Court to notice plain errors or defects that affected a substantial right in the absence of an objection in the trial court. This Court can only notice plain error when there has been a deviation from a legal rule that constitutes an obvious defect in the trial proceedings that affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). The burden of demonstrating plain error on appeal falls to the appellant, who must establish that there was an error in the trial court's proceedings, that the error was obvious, and that there is a reasonable probability that the error affected the outcome of the trial. *Rogers* at ¶ 22. "The elements of the plain-error doctrine are conjunctive: all three must apply to justify an appellate court's intervention." *State v. Bailey*, 171 Ohio St.3d 486, 2022-Ohio-4407, ¶ 9, citing *Barnes* at 27. This Court notices plain error only in exceptional circumstances to prevent a

manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. *See also Rogers* at ¶ 23.

{¶6} Mr. Black has argued that the trial court's statements were error, but with respect to prejudice, he has stated only that the statements "certainly affected the outcome of the trial." It is the appellant's burden to demonstrate that there is a reasonable probability that the outcome of the trial would have been different, however, so this Court will not construct this argument on his behalf. *In re J.T.*, 9th Dist. Summit No. 30223, 2022-Ohio-3466, ¶ 20. Mr. Black's first assignment of error is, therefore, overruled.

## ASSIGNMENT OF ERROR III

> THE TRIAL COURT COMMITTED A REVERSIBLE ERROR WHEN IT ALLOWED THE STATE TO PRESENT IMPERMISSIBLE CHARACTER EVIDENCE DURING THE TRIAL.

{¶7} In his third assignment of error, Mr. Black argues that the trial court erred by admitting evidence related to previous incidents of domestic violence. Mr. Black did not object to the admission of this evidence during the trial, so he is limited to arguing plain error on appeal. *See Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, at ¶ 22. As with his first assignment of error, however, Mr. Black asserts that the purported other-acts evidence "is prejudicial," but he has not articulated an argument that the outcome of the trial would have been different had the trial court excluded this evidence. It is the appellant's responsibility to demonstrate each element of plain error, including prejudice. *See Rogers* at ¶ 22. *See generally Barnes* at ¶ 27. Mr. Black has not carried that burden, and this Court will not construct an argument on his behalf. *See In re J.T.* at ¶ 20. Mr. Black's third assignment of error is overruled.

## ASSIGNMENT OF ERROR II

> MR. BLACK WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I, OF THE OHIO

CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT[S] [TO THE] UNITED STATES CONSTITUTION.

{¶8} Mr. Black's second assignment of error argues that he received ineffective assistance of trial counsel because his attorney did not object to the admission of other-acts evidence. This Court does not agree.

{¶9} In order to demonstrate ineffective assistance of counsel, a defendant most show deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different. *Id.* at 694. This Court's scrutiny of trial counsel's performance is "highly deferential[,]" and we must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. An appellant must overcome the presumption that counsel's decisions could be considered sound trial strategy. *Id.* "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Id.*

{¶10} As a general rule, evidence of character is inadmissible to prove action in conformity therewith. Evid.R. 404(A). This general rule applies to evidence of other crimes, wrongs, or acts, which are "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Evid.R. 404(B)(1). Evidence related to other acts, however, may be used for purposes unrelated to the accused's propensity to commit crime. *Id.* "Evidence of other crimes is admissible when evidence of the other crime * * * explains the circumstances" related to the crime charged. *State v. Long*, 64 Ohio

App.3d 615, 627-628 (9th Dist.1989). This is because juries must understand the circumstances surrounding the conduct at issue. *State v. Wilkinson*, 64 Ohio St.2d 308, 317 (1980).

{¶11} In this case, E.W. testified that Mr. Black struck her with a broom multiple times and then threw her into a door during an argument that occurred sometime over the weekend before May 23, 2022. She testified that she did not call the police, and she explained that she participated in a planned motorcycle ride with Mr. Black the day after the incident. E.W. testified that the following Monday, multiple police officers came to her front door to inquire about domestic violence. With respect to the body camera video that was admitted at trial, E.W. acknowledged that she was confused when the officers arrived because she had not called them. When the officers explained that they had received an anonymous report of domestic violence based on her post on social media, E.W. showed them her injuries. According to the officers who responded, E.W.'s demeanor changed, and she became distraught. During her direct examination, E.W. explained the social media posts as context for the arrival of the police at her home and her reaction to them. This provided necessary context for the jury to understand how the police became involved in the matter and why she responded as she did when they arrived.

{¶12} Even if this testimony was impermissible other-acts evidence, trial counsel may decide, as a matter of trial strategy, not to draw attention to other-acts evidence by objecting to it. *See State v. Hartman*, 161 Ohio St.3d 214, 2020-Ohio-4440, ¶ 67. Failure to object, standing alone, does not support an ineffective-assistance claim. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 103. During cross-examination and the subsequent examination of defense witnesses, trial counsel's strategy was to call E.W.'s credibility into question. In doing so, trial counsel both referred to E.W.'s testimony during her direct examination and elicited further – and

more detailed – testimony about the previous incidents of domestic violence. Mr. Black has not overcome the presumption that this course of action was sound trial strategy on counsel's part.

{¶13} Regardless, however, this Court cannot agree that there is a reasonable probability that, in the absence of this evidence, the result of the proceeding would have been different. E.W. described the incident that formed the basis of the charge in this case, and one of the officers who responded to her home described her injuries. In a recorded call from jail, Mr. Black admitted that the incident occurred, but disputed that the injuries E.W. sustained amounted to domestic violence.

{¶14} Mr. Black has not demonstrated that the performance of counsel was deficient or, if it was, that he suffered prejudice as a result. Consequently, this Court cannot conclude that Mr. Black received ineffective assistance of trial counsel, and his second assignment of error is overruled.

III.

{¶15} Mr. Black's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

YU MI KIM-REYNOLDS, Atorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.