[Cite as *State v. Prince*, 2024-Ohio-544.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 30777 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVONTE PRINCE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 21 09 3364 |

DECISION AND JOURNAL ENTRY

Dated: February 14, 2024

HENSAL, Judge.

{¶1} Davonte Prince appeals his conviction following a guilty plea in the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

{¶2} Mr. Prince was charged with failure to comply with an order or signal of a police officer ("count one"), trafficking in a fentanyl-related compound ("count two"), possession of a fentanyl-related compound ("count three"), and possession of cocaine ("count four"). Count two was accompanied by a forfeiture specification as provided by Revised Code Section 2941.1417(A), which provided that $15,251 cash should be forfeited in connection with the offense. Mr. Prince pleaded guilty to count one and count three, and the State agreed to dismiss count two and count four. Mr. Prince also agreed to forfeit the cash identified in the specification to count two. The trial court found him guilty of count one and count three; sentenced him to an agreed sentence of nine months in prison for count one and twelve months in prison on count three,

to be served concurrently; and ordered the cash forfeited. Mr. Prince appealed, raising two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT FOUND [MR. PRINCE] GUILTY OF A CRIMINAL FORFEITURE SPECIFICATION ATTACHED TO A DISMISSED FELONY COUNT AND FAILED TO HOLD A SEPARATE PROCEEDING.

**{¶3}** In his first assignment of error, Mr. Prince argues that the trial court erred by ordering forfeiture of the cash when count two had been dismissed and without conducting a hearing to determine whether the cash was subject to forfeiture. Because Mr. Prince did not object to these alleged errors in the trial court, he is limited to arguing plain error on appeal. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22.

**{¶4}** Criminal Rule 52(B) permits this Court to notice plain errors or defects that affected a substantial right in the absence of an objection in the trial court. This Court can only notice plain error when there has been a deviation from a legal rule that constitutes an obvious defect in the trial proceedings that affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). The burden of demonstrating plain error on appeal falls to the appellant, who must establish that there was an error in the trial court's proceedings, that the error was obvious, and that there is a reasonable probability that the error affected the outcome of the trial. *Rogers* at ¶ 22. "The elements of the plain-error doctrine are conjunctive: all three must apply to justify an appellate court's intervention." *State v. Bailey*, 171 Ohio St.3d 486, 2022-Ohio-4407, ¶ 9, citing *Barnes* at 27. This Court notices plain error only in exceptional circumstances to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. *See also Rogers* at ¶ 23.

{¶5}    Mr. Prince has argued that the trial court erred by ordering forfeiture of the cash, but it is apparent from the record that he agreed to the forfeiture.  Mr. Prince has not argued that apart from any alleged error on the trial court's part, he would not have done so.    It is the appellant's burden to demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different, however, so this Court will not construct an argument on his behalf.  *In re J.T.*, 9th Dist. Summit No. 30223, 2022-Ohio-3466, ¶ 20.  Mr. Prince's first assignment of error is, therefore, overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT SENTENCED [MR. PRINCE] WITHOUT PROPERLY GIVING HIM ALL THE REQUIRED NOTIFICATIONS CONCERNING POST-RELEASE CONTROL.

{¶6}    Mr. Prince's second assignment of error argues that the trial court erred by incorrectly notifying him of his post-release control obligations.  The State has conceded error in this regard, and this Court agrees that the trial court erred.

{¶7}    Under Revised Code Section 2967.28(B)(3), every prison sentence imposed for a third-degree felony that is an offense of violence must include a requirement that the offender be subject to a three-year period of post-release control.  The term "offense of violence" includes "[a]n offense * * * committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons[.]"  R.C. 2901.01(A)(9)(c).  Mr. Prince was convicted of failure to comply with an order or signal of a police officer in violation of Section 2921.331(B), which is a third-degree felony when the defendant operates a motor vehicle in a manner that caused a substantial risk of serious physical harm.  R.C. 2921.331(C)(5)(a)(ii).  Consequently, Mr. Prince was subject to a mandatory three-year period of post-release control.  R.C. 2967.28(B)(3).  *See also State v. Carter*, 11th Dist. Lake No. 2019-L-017, 2019-Ohio-3443, ¶ 25-43.

**{¶8}** Although the judgment of conviction stated that Mr. Prince would be subject to a mandatory three-year period of post-release control, the trial court stated during his sentencing hearing that he would be subject to a discretionary period of up to two years of post-release control. Because the trial court erred in notifying Mr. Prince of his post-release control obligation during the sentencing hearing, his sentence is contrary to law. *See State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, ¶ 10-11; *State v. Mills*, 9th Dist. Summit No. 28954, 2021-Ohio-52, ¶ 12. That portion of Mr. Prince's sentence is therefore set aside, and this matter is remanded to the trial court for a new sentencing hearing limited to the proper imposition of post-release control. *Mills* at ¶ 13.

III.

**{¶9}** Mr. Prince's first assignment of error is overruled. His second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court to conduct a new sentencing hearing limited to the proper imposition of post-release control.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

STEPHEN M. GRACHANIN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.