[Cite as *State v. Knowlton*, 2024-Ohio-4738.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    2023CA0042-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHANE P. KNOWLTON, SR. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.    2021CR0331 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2024

CARR, Judge.

{¶1}   Defendant-Appellant Shane P. Knowlton, Sr. appeals the judgment of the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}   On April 7, 2021, an indictment was filed charging Knowlton with two counts of violating R.C. 2919.21(B), nonsupport of a dependent.  The first count involved the time period of March 1, 2015, through February 28, 2017.  The second count involved the period from March 1, 2019, through February 28, 2021.  The counts were felonies of the fifth degree as they contained an allegation that Knowlton failed to provide support for a total accumulated period of 26 weeks out of 104 consecutive weeks irrespective of whether the 26 weeks were consecutive.

{¶3}   In October 2022, Knowlton filed a motion to dismiss, asserting that both counts should be dismissed.  Knowlton argued that for the time prior to April 7, 2015, the charges violated the statute of limitations.  In the motion, Knowlton asserted that his current obligation to pay child

support terminated on March 4, 2016. Thus, Knowlton maintained that both counts involved an arrears obligation and that the first count did not include 104 weeks of a current obligation.

{¶4} The State opposed Knowlton's motion. The State argued that both counts were brought within the statute of limitations. The State also asserted that the version of R.C. 2919.21(B) enacted in 2019 applied retroactively, and even if it did not, both counts should still not be dismissed. Prior to February 11, 2019, R.C. 2919.21(B) stated that "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." On February 11, 2019, R.C. 2919.21(B) was amended to provide that "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person: (a) Is legally obligated to support; or (b) Was legally obligated to support, and an amount for support: (i) Was due and owing prior to the date the person's duty to pay current support terminated; and (ii) Remains unpaid." In other words, the February 2019 version of the statute "include[d] not only those who *are* legally obligated to provide support, but also certain individuals who *were* legally obligated to provide support." (Emphasis in original.) *State v. Swazey*, 9th Dist. Medina No. 21CA0031-M, 2022-Ohio-993, ¶ 9. The State noted that the time in first count prior to March 4, 2016, would involve a current obligation and that the second count involved time subsequent to the enactment of the new version of R.C. 2919.21(B).

{¶5} A hearing was held on Knowlton's motion. In January 2023, the trial court issued an entry denying the motion to dismiss the indictment. The trial court concluded that the February 2019 version of R.C. 2919.21(B) did not apply retroactively, i.e. it did not apply to conduct occurring prior to February 11, 2019. Nonetheless, the trial court concluded that, as to count one, there was a sufficient time period of a current child support obligation remaining, i.e. from March

1, 2015 to March 4, 2016, to withstand the motion to dismiss the count. As to the second count, the trial court observed that the entire time period in the count fell after the effective date of the 2019 amendment which authorized the prosecution of a defendant's failure to pay arrears orders. Additionally, the trial court determined that the statute of limitations did not bar the prosecution of either count.

{¶6} Knowlton waived his right to a jury trial, and the matter proceeded to a bench trial. Post-trial briefs were then filed. The trial court found Knowlton guilty of both counts and sentenced him accordingly.

{¶7} Knowlton has appealed, raising four assignments of error, which will be addressed out of sequence to facilitate our review.

II.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DENYING KNOWLTON'S MOTION TO DISMISS THE INDICTMENT.

{¶8} Knowlton argues in his third assignment of error that the trial court erred in failing to dismiss the indictment. Knowlton appears to argue that the version of R.C. 2919.21(B) effective in February 2019 does not apply retroactively. Knowlton's argument is somewhat confusing and difficult to follow in light of the trial court's ruling on the motion to dismiss.

{¶9} "We review a trial court's legal conclusions in ruling on a pretrial motion to dismiss criminal charges de novo." *State v. House*, 9th Dist. Summit No. 30785, 2023-Ohio-4833, ¶ 8. "Crim.R. 12(C) provides, 'Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue.' The rule then lists several issues that 'must be raised before trial,' including '[d]efenses and objections based on defects in the indictment, information, or complaint.' Crim.R. 12(C)(2)."

*State v. Swazey*, 174 Ohio St.3d 534, 2023-Ohio-4627, ¶ 11.  "A motion to dismiss an indictment tests the legal sufficiency of the indictment, regardless of the quality or quantity of the evidence that may be introduced by either the state or the defendant."  (Internal quotations and citation omitted.)  *State v. Hickman*, 9th Dist. Medina No. 20CA0049-M, 2021-Ohio-1981, ¶ 6.  "'Crim.R. 12 permits a court to consider evidence beyond the face of an indictment when ruling on a pretrial motion to dismiss an indictment if the matter is capable of determination without trial of the general issue.'"  *Swazey,* 2023-Ohio-4627, at ¶ 19.  "An indictment may be defective if it alleges violations of a statute by a person who is not subject to that statute and there is no set of circumstances under which such a person can violate the law's requirements."  (Internal quotations and citation omitted.)  *House* at ¶ 8.

{¶10}  Here, as mentioned above, in ruling on the motion to dismiss, the trial court concluded that the February 2019 version of R.C. 2919.21(B) did not apply retroactively, i.e. it did not apply to conduct occurring prior to February 11, 2019.  Nonetheless, the trial court concluded that, as to count one, there was a sufficient time period of a current child support obligation remaining, i.e. from March 1, 2015 to March 4, 2016, to withstand the motion to dismiss the count.  Thus, the trial court essentially determined that count one was valid as to whether Knowlton failed to pay a current child support obligation for the period of March 1, 2015 to March 4, 2016, under the version of the statute in effect prior to February 11, 2019.  As to the second count, the trial court observed that the entire time period in the count fell after the effective date of the 2019 amendment which authorized the prosecution of a defendant's failure to pay arrears orders.  Accordingly, if found guilty, Knowlton would be punished for conduct that occurred subsequent to the enactment of the amendment.  Thus, the trial court determined that applying the February

2019 version of the statute to the second count of the indictment would not be a retroactive application of the law.

{¶11} Knowlton has not adequately explained how the trial court's legal conclusions were incorrect or how the trial court upheld a retroactive application of the February 2019 version of the statute. Knowlton failed to meet his burden on appeal to demonstrate that the trial court erred in denying his motion to dismiss the indictment.

{¶12} Knowlton's third assignment of error is overruled.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST KNOWLTON.

{¶13} Knowlton argues in his first assignment of error that his convictions were based upon insufficient evidence.

{¶14} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

### Count I

{¶15} In count one, Knowlton was alleged to have failed to pay child support during the period of March 1, 2015, through February 28, 2017, in violation of R.C. 2919.21(B). While the

trial court did not dismiss this count, the trial court did conclude the version of R.C. 2919.21(B) effective February 11, 2019, did not apply retroactively; thus, indicating that Knowlton could only be prosecuted for a violation of the statute in effect at the time of the alleged conduct.

{¶16} At the time, former R.C. 2919.21(B) stated that "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." The Supreme Court has concluded that, "'[b]ecause the statute uses the present tense in the phrase "is legally obligated to support," a person charged with a violation must be under a current obligation to provide support.'" (Emphasis omitted.) *State v. Brown,* 161 Ohio St.3d 276, 2020-Ohio-4623, ¶ 4, quoting *State v. Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314, ¶ 18, quoting former R.C. 2919.21(B). As Knowlton's current support obligation terminated on March 4, 2016, the only period in the indictment during which Knowlton owed current support was March 1, 2015, to March 4, 2016.

{¶17} In order for the offense to be a fifth-degree felony, Knowlton must have failed to support his dependent for "a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive[.]" *See* former R.C. 2919.21(G)(1).

{¶18} The records submitted in support of the State's case, show that until March 9, 2015, Knowlton owed $240.05 a month in child support, or $55.40 a week, and that from March 9, 2015, until support terminated on March 4, 2016, Knowlton owed $79.83 a month, or $18.42 per week. Following the termination of the current support order, Knowlton was ordered to pay $130.83 per month in arrears, or $30.19 per week.

{¶19} At trial, Kelly Grim from the Medina County Child Support Enforcement Agency testified. Ms. Grim indicated that during the period from March 1, 2015, through February 28,

2017, Knowlton made $1,807.32 in payments. Ms. Grim then took $1,807.32 and divided it by $30.19 and indicated that Knowlton made payments for 59.86 weeks during the time period from March 1, 2015, through February 28, 2017. She then subtracted 59.86 from the 104-week period and came up with 44 weeks that Knowlton failed to pay.

{¶20} Unfortunately, Ms. Grim's testimony is problematic. Nonetheless, the correct analysis still supports Knowlton's conviction on the count. The payments that Ms. Grim used in calculating Knowlton's total amount paid during the timeframe in count one occurred from January 25, 2016, through July 29, 2016. However, beginning March 4, 2016, Knowlton only owed arrears, so his payments made from March 4, 2016, onward would not be for current support. During the timeframe in count one that Knowlton owed current support, Knowlton paid $261.00, not $1807.32.

{¶21} Moreover, instead of using the amounts Knowlton owed for current support, Ms. Grim used the arrears amount, $30.19 per week. For approximately the first week of the period, Knowlton owed $55.40. For the period from March 9, 2015, until March 4, 2016, Knowlton owed $18.42 per week. Finally, from March 4, 2016, onward, Knowlton owed no current support. Using the same method of calculation as Ms. Grim, Knowlton's $261.00 payment covered a little over 12 weeks of payments. The total period in count one during which Knowlton owed current support was almost 53 weeks. Thus, Knowlton failed to pay current child support for well over the 26 weeks required by the statute.

{¶22} Knowlton has not demonstrated that the finding of guilty for count one is supported by insufficient evidence.

## Count 2

{¶23} In count two, Knowlton was alleged to have failed to pay child support during the period of March 1, 2019, through February 28, 2021, in violation of R.C. 2919.21(B). All of the dates took place after Knowlton's current child support order terminated and he only owed arrears at a rate of $130.83 per month in arrears, or $30.19 per week. This timeframe involved dates after the effective date of the February 11, 2019 version of the statute. As mentioned above, the 2019 version of R.C. 2919.21(B) in effect at the time of the alleged conduct stated:

> No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person:
>
> (a) Is legally obligated to support; or
>
> (b) Was legally obligated to support, and an amount for support:
>
> (i) Was due and owing prior to the date the person's duty to pay current support terminated; and
>
> (ii) Remains unpaid.

Former R.C. 2919.21(B)(1).

{¶24} There was evidence presented that, at the time Knowlton's current child support obligation terminated, he had a significant arrearage of over $16,000 and that at the time of the trial, his arrearage was over $14,000. Ms. Grim testified that Knowlton made no payments towards his arrearage during the timeframe in count two. Nonetheless, Ms. Grim did not consider the 19 weeks that Knowlton spent incarcerated as weeks of nonpayment. Ms. Grim testified that Knowlton's weeks of nonpayment for the period in count two totaled 85 weeks.

{¶25} Knowlton has not demonstrated that the finding of guilt on count two as a felony of the fifth degree is based upon insufficient evidence.

{¶26} Knowlton's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

KNOWLTON'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE CONSTITUTION (CLAUSE XIV[], SECTION 1, UNITED STATES CONSTITUTION).

**{¶27}** Knowlton argues in his second assignment of error that the convictions are against the manifest weight of the evidence.

In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Id.*

**{¶28}** Knowlton himself acknowledges in his brief that his manifest weight arguments are "similar" to his sufficiency arguments. He does not appear to contest the credibility of any witnesses nor specifically frame his arguments in a way to demonstrate that the verdicts are not supported by the weight of the evidence. As discussed above, Knowlton did not demonstrate that his convictions were supported by insufficient evidence, and he likewise has not shown they are against the weight of the evidence.

**{¶29}** Knowlton's second assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

KNOWLTON WAS DENIED HIS RIGHT TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE COUNSEL.

{¶30} Knowlton asserts in his fourth assignment of error that he received ineffective assistance of trial counsel.

{¶31} In order to prevail on a claim of ineffective assistance of counsel, Knowlton must show that trial "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Knowlton must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith*, 79 Ohio St.3d 514, 534 (1997), citing *Strickland* at 687. Second, Knowlton must demonstrate that but for counsel's errors, there is a reasonable probability that the results of the trial would have been different. *Keith* at 534.

{¶32} Knowlton raises several issues in his single paragraph of argument. Knowlton argues that trial counsel failed to object throughout trial but does not point this Court to any particular point in the transcript where trial counsel should have objected. *See* App.R. 16(A)(7); *see also State v. Black*, 9th Dist. Medina No. 2023CA0016-M, 2024-Ohio-116, ¶ 12 ("Failure to object, standing alone, does not support an ineffective-assistance claim."). Knowlton also argues that trial counsel should have set forth evidence that Knowlton was on means-tested public assistance but does not develop any argument as to how trial counsel's failure prejudiced Knowlton. *See State v. Becton*, 9th Dist. Summit No. 30495, 2023-Ohio-4841, ¶ 27, quoting *State v. Gannon*, 9th Dist. Medina No. 19CA0053-M, 2020-Ohio-3075, ¶ 23 ("This Court need not address both prongs of the *Strickland* test if the appellant fails to satisfy either prong."). Knowlton also asserts that trial counsel was ineffective in failing to call witnesses or make a Crim.R. 29 motion. Again, Knowlton has not developed any argument as to how he was prejudiced by this failure. *See Becton* at ¶ 27.

**{¶33}** Knowlton has not met his burden to demonstrate that trial counsel rendered ineffective assistance. Knowlton's fourth assignment of error is overruled.

## III.

**{¶34}** Knowlton's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

CHRISTINE RUSSO, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.